884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank JOHNSON, Petitioner,
v.
ISLAND CREEK COAL CO. and Director, Office of Workers'
Compensation Programs Respondent.
 No. 88-3902.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before RALPH B. GUY, Jr., and RYAN, Circuit Judges, and DAVID D. DOWD, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Claimant seeks review of the decision of the Benefits Review Board ("Board") denying him black lung benefits pursuant to the Black Lung Benefits Act, 30 U.S.C.A. Sec. 901 et seq. (1986). We conclude that the Board erred by failing to evaluate claimant's application under Part 718, and that the Board's denial of benefits should be reversed and the case remanded for consideration under Part 718.
 
 I.
 
 2
 Claimant filed his application for benefits on March 25, 1977. After initial denial of his claim, the case was referred to an Administrative Law Judge ("ALJ"), and the ALJ issued an opinion denying benefits on October 1, 1986. He concluded that claimant was entitled to credit for 18 years of employment in the Nation's coal mines. Because claimant had more than 10 years experience, the ALJ then analyzed his application under the interim regulations found at 20 C.F.R. Sec. 727.203 (1988). He summarized the voluminous medical record, consisting of some 24 x-ray readings, five ventilatory studies, six blood gas studies, and the reports of 13 different physicians, 11 of whom personally examined claimant. Based on this record, the ALJ concluded that none of the four criteria, listed in Sec. 727.203(a), for invoking a presumption of disability as the result of pneumoconiosis had been satisfied. The ALJ then held that the effect of this conclusion was to preclude claimant from benefits:
 
 
 3
 The Sixth Circuit has determined that as a practical matter, neither 20 C.F.R. section 410.490 nor 30 U.S.C. section 921(c)(4), provide any presumptive effect not already afforded when a claim is reviewed under 20 C.F.R. section 727.203. Back v. Director, 796 F.2d 169 (6th Cir.1986). Since these are the most liberal provisions of the Act and regulations are administered under the Secretary of Health and Human Services, I conclude that Claimant is not entitled to benefits pursuant to Part 410.
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 Since the Claimant has failed to establish entitlement to benefits under any applicable part of the Act and regulations, I find that he is not entitled to benefits.
 
 
 7
 Claimant petitioned the Board for review, arguing that the ALJ erred in concluding that he had failed to invoke the presumption of disability set forth in Sec. 727.203(a)(1). The Board rejected this argument, and affirmed the ALJ's denial of benefits. Claimant then petitioned this court for review of the Board's denial of benefits pursuant to 33 U.S.C.A. Sec. 921(c) (1986), arguing that the ALJ and the Board erred by concluding that he was presumptively not entitled to benefits because his application failed to trigger any of the interim presumptions found in Sec. 727.203(a).
 
 II.
 
 8
 The first question presented by this appeal is identical to that decided in our recent decision in Knuckles v. Director, Office of Workers' Compensation Programs, 869 F.2d 996 (6th Cir.1989). There, we explained that in cases adjudicated under the interim Part 727 regulations where the claimant fails to meet any of the criteria listed in Sec. 727.203(a) for invocation of the presumption of disability, he is entitled to have his claim evaluated under the permanent regulations set forth in the new Part 718. Id. at 999
 
 
 9
 The court based this holding on Sec. 727.203(d), which states:
 
 
 10
 Where eligibility is not established under this section, such eligibility may be established under Part 718 of this subchapter as amended from time to time.
 
 
 11
 20 C.F.R. Sec. 727.203(d) (1988) (emphasis added).
 
 
 12
 The Knuckles court recognized that some tension exists between Sec. 727.203(d) and 20 C.F.R. Sec. 718.2 (1988) which provides that the new Part 718 "is applicable to the adjudication of all claims filed after March 31, 1980...." The court resolved any conflict between the two in favor of Sec. 727.203(d).[1] This resolution comported with that of the only two other circuits to consider the question. Caprini v. Director, Office of Workers' Compensation Programs, 824 F.2d 283, 284 (3rd Cir.1987); Strike v. Director, Office of Workers' Compensation Programs, 817 F.2d 395, 406 (7th Cir.1987) ("A claimant who fails to establish his eligibility under the Sec. 727.203 interim presumption is not automatically denied benefits. Instead, Sec. 727.203(d) allows such a claimant to attempt to establish his eligibility under the permanent Part C regulations set out at 20 C.F.R. Secs. 718.1-718.404.").
 
 
 13
 Our decision in Knuckles was recently criticized in a footnote to an opinion issued by another panel of this court:
 
 
 14
 Tennessee Consolidated Coal Co. held that retroactive application of Part 718 to a claim for benefits filed prior to March 31, 1980 was not appropriate. In a very recent decision, Knuckles ..., a panel of this court held that Part 718 regulations "are applicable to claims filed before, but adjudicated after, March 31, 1980." Slip op. at 5. That panel conceded, however, that its interpretation (on a question "not raised by petitioner") was "inconsistent with the plain language of Sec. 718.2," but held as it did to comport with the "broad remedial purposes" of the Act. We acknowledge an apparent conflict.... Unfortunately, Knuckles did not cite Tennessee Consolidated Coal Co. or attempt to distinguish it in any way.
 
 
 15
 Falcon Coal Co. v. Clemons, --- F.2d ----, No. 88-3235, slip op. at 15 n. 10 (6th Cir. Apr. 26, 1989).
 
 
 16
 We respectfully suggest that the Clemons panel's footnote criticism is incorrect. In both Clemons and the passage from Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179 (6th Cir.1989), referred to in Clemons, the court was addressing an appeal by a coal operator of the award of benefits to the miner pursuant to an analysis conducted under the interim Part 727 regulations. Clemons, slip op. at 3; Crisp, 866 F.2d at 181. In each case, the operator argued on appeal that the ALJ erred by applying Part 727, and instead should have applied the permanent Part 718 regulations in the first instance. Clemons, slip op. at 15; Crisp, 866 F.2d at 181. In Crisp, the court conducted a thorough analysis of the legislative history behind the enactment of the permanent regulations, and correctly concluded that because the claim at issue was "filed ... before the effective date of the Part 718 regulations [April 1, 1980], the ALJ properly considered it under the interim regulations in Part 727." 866 F.2d at 184. The Clemons court merely applied this holding to an identical situation. Slip op. at 15.
 
 
 17
 The situation in Knuckles, and in the present case, however, was markedly different. The Knuckles court, like the Crisp court, initially applied Part 727 because the claim was filed prior to April 1, 1980. But in the course of applying Part 727, the Knuckles panel affirmed the ALJ's conclusion that claimant had invoked none of the Sec. 727.203(a) criteria to establish a presumption of disability. Knuckles, 869 F.2d at 997-98. It was only then that the Knuckles court, pursuant to the direct command of Sec. 727.203(d), turned to Part 718. Thus, contrary to the dicta in footnote 10 of Clemons, the holding in Knuckles is entirely consistent with that of Crisp. Furthermore, both Crisp and Knuckles reflect what the Supreme Court has described as "the clear congressional mandate for interim presumptions to reduce the number of benefit denials...." Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 98 L.Ed.2d 450, 466 (1987). Taken together, Crisp and Knuckles insure that miners receive the benefit of the Part 727 interim presumptions when their application supports the award of benefits thereunder, while at the same time they enjoy recourse to Part 718 should benefits not be forthcoming under Part 727.
 
 
 18
 In sum, the disposition of the present appeal is directly governed by our holding in Knuckles. Neither Clemons nor Crisp are inconsistent since both merely hold that Part 727 governs claims filed before April 1, 1980. Neither panel had any occasion to consider whether Part 718 applied when a claimant failed to demonstrate entitlement to benefits under the Part 727 presumptions.
 
 III.
 
 19
 Respondent contends that even if the ALJ erred by automatically denying benefits after claimant failed to invoke one of the Sec. 727.203(a) presumptions, claimant is precluded from raising the error on appeal to this court because he failed to argue the point in his petition to the Board. Petitioner responds by arguing that he could not have been expected to raise his current argument before the Board because "[t]his means of entitlement became abundantly clear [only] after Mullins Coal Co., et al. v. Director, et al., 108 S.Ct. 427, 98 L.Ed.2d 450 (1987) and after this case was submitted to the Benefits Review Board." As respondent correctly observes, this argument is flawed by the fact that Mullins merely addressed the proper interpretation of Sec. 727.203(a)(1); it did not discuss the proper analysis to be employed when a claimant fails to establish benefits pursuant to Sec. 727.203. See Mullins, 98 L.Ed.2d at 462-65.
 
 
 20
 Nevertheless, claimant's argument can be rendered effective merely by substituting Knuckles for Mullins. Simply put, claimant could not have raised the argument before the Board because he could not anticipate this court's March 17, 1989 decision in Knuckles when filing his petition for review with the Board on June 23, 1987. We have repeatedly held that where the Board adheres to a position contrary to that taken by a petitioner in this court, thereby making it " 'futile' to raise an issue below, that issue may be raised on appeal." Youghiogheny & Ohio Coal Co. v. Warren, 841 F.2d 134, 138 (6th Cir.1987) (citing Kyle v. Director, Office of Workers' Compensation Programs, 819 F.2d 139, 142 (6th Cir.1987)). The Board has, since 1981, consistently adhered to the position taken in Muncy v. Wolfe Creek Collieries Coal Co., 3 Black Lung Rep. 1-627 (1981), that the new Part 718 does not apply in situations like that presented in this case. See Knuckles, slip op. at 5.
 
 
 21
 In sum, if claimant had argued to the Board that Sec. 727.203(d) required consideration of his claim under the new Part 718, the Board undoubtedly would have rejected this contention on the basis of its Muncy decision. It is therefore clear that it would have been "futile" for petitioner to raise the issue before the Board; hence, the question may properly be raised in this court.
 
 IV.
 
 22
 Finally, respondent suggests that even if the Board erred by failing to evaluate petitioner's claim under Part 718, this court should still affirm the Board's decision because it is clear from the facts found by the ALJ pursuant to his Part 727 analysis that petitioner's claim must also fail under Part 718. We reject this suggestion, and instead remand to the Board for consideration under Part 718. The highly specialized task of evaluating, inter alia, blood gas studies, ventilatory studies, and x-ray readings should be undertaken in the first instance by the ALJ, subject, of course, to review by the Board and this court.
 
 
 23
 The Board's denial of benefits is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 It is by no means clear that the two provisions do conflict. Section 718.2 could be read as setting forth the applicability of Part 718 as the initial avenue of analysis. It is clearly established that claims filed after March 31, 1980 are not to be evaluated under the interim regulations set out in Part 727, but rather, are to be considered only under the permanent Part 718 regulations. It is equally well established that the initial analysis of a claim filed before March 31, 1980 is to be conducted under Part 727. Thus, Sec. 718.2 could very well have been intended as only a guide for selection of the initial evaluation criteria, and not as a bar to analysis of a claim under Part 718 after a claimant has failed to demonstrate entitlement under the interim provisions of Part 727