John M. KNUCKLES, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 88–3215.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1988.

Decided March 17, 1989.

Martin Wegbreit/Margaret Schenck (argued), Client Centered Legal Serv. of Southwest Va., Inc., Castlewood, Va., for petitioner.

Elizabeth Hopkins (argued), Sylvia Kaser, Client Centered Legal Serv. of Southwest Va., Inc., Donald S. Shire, Assoc. Sol., Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before KRUPANSKY and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Petitioner John M. Knuckles appeals the decision of the Administrative Law Judge (ALJ), affirmed by the Benefits Review Board, denying disability benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* We find that substantial evidence supports the ALJ's denial of benefits under the interim regulations, 20 C.F.R. § 727.203(a); however, we hold that the ALJ erred by not considering petitioner's claim under the new permanent regulations, 20 C.F.R. Part 718. Accordingly, we affirm in part, reverse in part, and remand.

Petitioner is a sixty-seven year-old former coal miner with at least twenty-one years of coal mine employment extending from 1937 to 1966. He claims he left his coal mine job in 1966 because of nervousness, headaches, and breathing difficulties, and then worked as a factory press operator for several years.

In May 1976, petitioner filed a claim for black lung disability benefits. His claim was administratively denied by the Department of Labor in October 1979. In October 1985, a formal hearing was held before an ALJ who issued a decision and order in March 1986 denying benefits. The Benefits Review Board affirmed the ALJ's denial of benefits, finding it supported by substantial evidence in a decision and order dated January 1988. Petitioner then appealed to this court under 30 U.S.C.

§ 921(c). He argues that the ALJ erred in denying invocation of the interim presumption of total disability under 20 C.F.R. § 727.203(a)(3) and (4), and in denying invocation of the presumption of total disability under the permanent regulations, 20 C.F.R. Part 410.

Factual findings of the ALJ are conclusive if supported by substantial evidence in the record considered as a whole. When the question before this court is whether the ALJ reached the correct result after weighing conflicting medical evidence,

> our scope of review ... is exceedingly narrow. Absent an error of law, findings of facts and conclusions flowing thereform must be affirmed if supported by substantial evidence. *Engle v. Director, Office of Workers' Compensation Programs,* 792 F.2d 63 (6th Cir. 1986).... [I]t is the ALJ who makes credibility determinations and resolves inconsistencies in the testimony and evidence. *Moseley v. Peabody Coal Co.,* 769 F.2d 357, 360 (6th Cir.1985).

*Riley v. National Mines Corp.,* 852 F.2d 197, 198 (6th Cir.1988).

### I.

Petitioner first challenges the ALJ's finding that petitioner was not entitled to invoke the interim presumption of total disability under 20 C.F.R. § 727.203(a)(3) or (4). Under § 727.203(a), a claimant must prove an invocation fact by a preponderance of the evidence. *Mullins Coal Co. v. Director, Office of Workers' Compensation Programs,* 484 U.S. 135, —— n. 35, 108 S.Ct. 427, 441 n. 35, 98 L.Ed.2d 450, 471 n. 35 (1987).

Section 727.203(a)(3) provides that a miner is rebuttably presumed to be totally disabled due to pneumoconiosis if blood gas studies are equal to or less than specified values. Petitioner had two blood gas studies that qualified under § 727.203(a)(3) and two blood gas studies, including the most recent study, that did not qualify.[1] The

---

1. We reject petitioner's argument that since one of the nonqualifying studies could have been considered qualifying under the values in 20

C.F.R. Part 718, Appendix C, it should be considered qualifying under § 727.203(a)(3). Petitioner cites no authority, and this court is aware

ALJ weighed this conflicting evidence, giving greater weight to the most recent non-qualifying study because pneumoconiosis is a progressive disease, and held that petitioner had not produced sufficient evidence to invoke the interim presumption of disability under § 727.203(a)(3). As we have said before, where, as here, there are mixed positive and negative blood gas study results and the ALJ appears to have conducted a careful weighing of the results, this court should not intervene. *Engle*, 792 F.2d at 64 n. 1. We hold that substantial evidence supports the ALJ's decision that petitioner is not entitled to invoke the interim presumption of disability under § 727.203(a)(3).

Petitioner also argues that the ALJ erred in holding that petitioner did not establish facts sufficient to invoke the interim presumption under § 727.203(a)(4), which provides for a rebuttable presumption of total disability due to pneumoconiosis if:

> Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment[.]

There are six physicians' reports at issue on appeal. In reviewing physicians' reports under § 727.203(a)(4), this court has a limited role.

> Determinations of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact. Similarly, the trier of fact determines the weight to be accorded to the evidence. Moreover, a reviewing court may not set aside an inference because it finds another more reasonable.

*Moseley v. Peabody Coal Co.*, 769 F.2d 357, 360 (6th Cir.1985) (citations omitted). Based on review of the medical reports, we find that substantial evidence supports the ALJ's finding that petitioner did not establish by sufficient evidence that he was entitled to invocation of the interim presumption of disability under § 727.203(a)(4).

of none, which would support establishment of eligibility under Part 727 by borrowing criteria

## II.

Petitioner also challenges the ALJ's finding that petitioner did not establish facts sufficient to invoke the presumption of disability under the permanent regulations, 20 C.F.R. Part 410. Under these regulations, a miner with fifteen years of coal mine employment may invoke a rebuttable presumption of total disability due to pneumoconiosis "if other evidence demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment." 20 C.F.R. § 410.414(b). Petitioner argues that the ALJ erred in failing to recognize a lesser evidentiary requirement for invocation of this presumption and in failing to articulate sufficiently the rationale for denying invocation of the presumption.

■ We first address a question of law not raised by petitioner—the proper permanent regulations under which petitioner's claim should be considered: the "old" Part C permanent regulations, 20 C.F.R. §§ 410.401–410.476 (incorporated by reference in the "old" Part 718), or the "new" Part C permanent regulations, 20 C.F.R. §§ 718.1–718.404.

A claimant who fails to establish eligibility for benefits under the interim regulations of § 727.203 is not automatically denied benefits; under § 727.203(d), a claimant may attempt to establish eligibility under the permanent regulations of Part 718. The old Part 718 merely incorporated by reference Part 410. Effective April 1, 1980, a new Part 718 was enacted. Section 718.2 states that the provisions of the new Part 718 are "applicable to the adjudication of all claims filed after March 31, 1980."

In 1981, the Benefits Review Board held that the new Part 718 would *not* apply to a claim, like the present one, filed before March 31, 1980, but adjudicated by an ALJ after that date. *Muncy v. Wolfe Creek Collieries Coal Co.*, 3 Black Lung Rep. 1–627 (1981). However, at least two circuits have rejected *Muncy* in this context.

from Part 718.

*Caprini v. Director, Office of Workers' Compensation Programs,* 824 F.2d 283, 284 (3d Cir.1987); *Strike v. Director, Office of Workers' Compensation Programs,* 817 F.2d 395, 406 n. 9 (7th Cir.1987). These courts have held that the new Part 718 regulations are applicable to claims filed before, but adjudicated by an ALJ after, March 31, 1980. This holding, although inconsistent with the plain language of § 718.2, which states that the new Part 718 is applicable to "all claims *filed after March 31, 1980,*" is supported by § 727.203(d): "Where eligibility is not established under [§ 727], such eligibility may be established under Part 718 ... *as amended from time to time.*"

The Sixth Circuit's position on this issue does not appear entirely settled. In at least one case, this court has applied the new Part 718 regulations, without discussion, to a claim filed before, but adjudicated by an ALJ after, March 31, 1980. *Southard v. Director, Office of Workers' Compensation Programs,* 732 F.2d 66 (6th Cir.1984). And in dicta in a recent unpublished opinion, this court has cited *Caprini* and *Strike* and stated, "[The new Part 718 regulations] also govern claims filed on or before March 31, 1980, but adjudicated by an ALJ after that date." *Tabler v. Director, Office of Workers' Compensation Programs,* No. 87–3575, slip op. at 4 (6th Cir. April 21, 1988) [845 F.2d 327 (table) ].

However, this court has also made negative reference to *Strike* and *Caprini. Director, Office of Workers' Compensation Programs v. Forester,* 857 F.2d 1121 (6th Cir.1988). *Forester* involved the question of the proper regulations to govern a claim filed *before January 1, 1974,* but heard by an ALJ after March 31, 1980. Because in that case, Part 410 would allow full retroactive benefits while Part 718 would only allow benefits from January 1, 1974, this court held that Part 410 should apply: "[A]n applicant is entitled to attempt to recover fully retroactive benefits under the old statute because Congress intended to make recovery easier, not harder." *Forester,* 857 F.2d at 1122.

In light of the broad remedial purposes of the Black Lung Benefits Act, we hold that a claim for benefits filed before March 31, 1980, but adjudicated by an ALJ after that date, should be considered under the new Part 718 permanent regulations.[2] We therefore remand this case to the Benefits Review Board with instructions to remand it to the ALJ for consideration of petitioner's claim under Part 718.[3] Given this disposition of the case we need not reach petitioner's arguments challenging the ALJ's denial of benefits under Part 410.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

2. By this holding we do not mean to cast doubt on this court's holding in *Forester* that Part 410 should apply to a claim filed before *January 1, 1974,* but adjudicated by an ALJ after March 31, 1980.

3. We note that under the blood gas study tables of Appendix C to Part 718, it appears that three of petitioner's four blood gas studies may have been qualifying.