**David COUCH, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; and Falcon Coal Company, Respondents.**

No. 89–3359.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 27, 1989.

Decided Jan. 9, 1990.

Rehearing and Rehearing En Banc
Denied Feb. 26, 1990.

Alva A. Hollon, Jr. (argued), Hollon, Hollon & Hollon, Hazard, Ky., for David Couch.

Ronald E. Gilbertson (argued), Mary Lou Smith, Kilcullen, Wilson & Kilcullen, Washington, D.C., for Falcon Coal Co.

Brian E. Peters, Michael J. Denney, Eileen McCarthy, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor.

Before JONES and MILBURN,
Circuit Judges, and LIVELY, Senior
Circuit Judge.

MILBURN, Circuit Judge.

David Couch ("petitioner") seeks review of an order of the Benefits Review Board ("Board") affirming the decision of the administrative law judge ("ALJ") denying disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–60. For the reasons that follow, we reverse.

**I.**

Petitioner is a former coal miner with at least thirteen years of coal mine employment. Petitioner was employed by the Falcon Coal Company ("respondent") from March 28, 1978, to September 2, 1980. Petitioner was forty-three-years-old when he filed his application for black lung disability benefits on February 14, 1980. On March 19, 1981, the Department of Labor made an initial finding of entitlement to black lung benefits. However, on August 26, 1981, the Department of Labor issued a revised initial finding denying petitioner's application.

A formal hearing was held before an ALJ on June 27, 1986, and the ALJ issued a decision and order on May 8, 1987, denying benefits. The ALJ evaluated the claim under 20 C.F.R. Part 727, and concluded the evidence was insufficient to trigger the presumption of disability under section 727.203(a)(1)–(4). The Board affirmed the ALJ's denial of benefits in a decision and order dated February 28, 1989. Petitioner seeks review in this court under 33 U.S.C.

§ 921(c). The principal issue presented is whether the ALJ erred by failing to evaluate petitioner's claim under the criteria found at 20 C.F.R. Part 718 since the claim was filed before March 31, 1980, but adjudicated thereafter.

## II.

■ Our standard of review in black lung cases was stated in *Kolesar v. Youghiogheny & Ohio Coal Co.*, 760 F.2d 728, 729 (6th Cir.1985) (per curiam): "This court must affirm the decision below if it is supported by substantial evidence and in accordance with the applicable law." The present case is controlled by our recent decision in *Knuckles v. Director, OWCP*, 869 F.2d 996 (6th Cir.1989). Neither party has cited *Knuckles;* however, we will address petitioner's argument for application of Part 410, and then explain why *Knuckles* mandates remand of this case for consideration of petitioner's claim under Part 718.

Petitioner argues the ALJ erred by failing to evaluate his claim under Part 410. Petitioner does not challenge the ALJ's conclusion that petitioner's evidence was insufficient to invoke the presumption of disability under Part 727. Rather, petitioner asserts that after the ALJ determined he was not entitled to benefits under Part 727, the ALJ was obligated to analyze the claim under Part 410. Petitioner supports his argument by citing *Muncy v. Wolfe Creek Collieries Coal Co.*, 3 B.L.R. 1–627 (1981), and *Director, OWCP v. Forester*, 857 F.2d 1121 (6th Cir.1988).

The Board agreed with petitioner that his claim should have been considered under the criteria of Part 410 since his claim was filed prior to March 31, 1980. However, the Board determined that petitioner failed to establish the requisite elements of Part 410. Moreover, on the basis of this court's decision in *Youghiogheny & Ohio Coal Co. v. Milliken*, 866 F.2d 195 (6th Cir.1989), the Board determined that section 410.490 was inapplicable to petitioner's claim since he established more than ten years of coal mine employment. In *Youghiogheny*, we held that consideration of the claim pursuant to the Part 410 rebuttal provisions was unnecessary because the claim received equal treatment under Part 727 since the miner had more than ten years of coal mine employment. *Id.* at 202.

Petitioner's argument for application of Part 410 must be rejected on the basis of our decision in *Knuckles.* In *Knuckles,* the petitioner filed a claim for black lung benefits in May 1976, and following a formal hearing in October 1985, the ALJ issued a decision and order denying benefits. The ALJ held that petitioner did not produce sufficient evidence to invoke the interim presumption of disability under section 727.203(a)(1)–(4). *Knuckles,* 869 F.2d at 997. On appeal, petitioner argued the ALJ erred by denying invocation of the interim presumption of disability under Part 727, and by denying invocation of the presumption of total disability under Part 410. *Id.* We held that substantial evidence supported the ALJ's decision that petitioner was not entitled to the interim presumption of disability under Part 727. *Id.* at 998. However, we observed, "A claimant who fails to establish eligibility for benefits under the interim regulations of § 727.203 is not automatically denied benefits; under § 727.203(d), a claimant may attempt to establish eligibility under the permanent regulations of Part 718." *Id.* at 998.

Section 727.203(d) provides: "Where eligibility is not established under [Part 727] such eligibility may be established under Part 718 ... as amended from time to time." 20 C.F.R. Part 727.203(d). Originally, Part 718 merely incorporated by reference the permanent HEW regulations found at Part 410. However, effective April 1, 1980, permanent labor regulations were enacted creating a new Part 718. *Knuckles,* 869 F.2d at 998. The issue we addressed in *Knuckles* was whether to apply the "old" Part 718 or the "new" Part 718 under section 727.203(d) to claims filed before March 31, 1980, but adjudicated thereafter. We held that "new" Part 718 should apply to a claim for benefits filed before March 31, 1980, but adjudicated thereafter. *Id.* at 999.

■ Although petitioner's argument for application of Part 410 fails, we will remand this case for consideration of petitioner's claim under Part 718. Noting the "broad remedial purposes of the Black Lung Benefits Act," we held in *Knuckles* "that a claim for benefits filed before March 31, 1980, but adjudicated by an ALJ after that date, should be considered under the new Part 718 permanent regulations." *Id.* at 999. In *Falcon Coal Co. v. Clemons*, 873 F.2d 916 n. 10 (6th Cir.1989), a panel of this court noted an "apparent conflict" between the holdings of *Knuckles* and *Tennessee Consol. Coal Co. v. Crisp*, 866 F.2d 179 (6th Cir.1989). In *Crisp*, we held that the interim labor regulations in Part 727 applied to claims filed before March 31, 1980, but decided by an ALJ thereafter. *Id.* at 184. Thus, the permanent regulations of Part 718 were given only prospective application.

In *Saginaw Mining Co. v. Ferda*, 879 F.2d 198 (6th Cir.1989), we resolved this "apparent conflict" between *Knuckles* and *Crisp*. We explained that the issue in *Knuckles* was "whether the permanent HEW regulations [Part 410] or the permanent labor regulations [Part 718] applied under section 727.203(d) to claims filed before March 31, 1980, but adjudicated thereafter." *Id.* at 204. In contrast, the issue in *Crisp* was whether the interim labor regulations [Part 727] or the permanent labor regulations [Part 718] applied to a claim filed before March 31, 1980. *Id.* In *Saginaw Mining*, we explained that the regulations should be applied as follows:

> In cases ... where the claimant files an application for benefits prior to the enactment of the permanent labor regulation, but his claim is adjudicated thereafter, the interim labor presumptions of Part 727 apply. If the claimant is unable to invoke the interim presumption, then consideration must be given to whether he establishes disability under the permanent labor regulations of Part 718.

*Id.* In *Saginaw Mining*, the interim presumption of section 727.203(a)(1) was properly invoked; thus, it was unnecessary to evaluate the claim under Part 718. *Id.* at 204–05.

The present case is appropriate for application of the holdings in *Knuckles* and *Saginaw Mining*. Petitioner filed his claim before March 31, 1980, but it was adjudicated thereafter. The ALJ evaluated petitioner's claim under the interim labor regulations of Part 727. The ALJ held that petitioner was unable to invoke the interim presumption of disability under Part 727, and denied the claim for benefits. However, the ALJ did not consider whether petitioner established a disability under the permanent regulations of Part 718, as required by *Knuckles* and *Saginaw Mining*. Under our standard of review, the decision below must be reversed because failure to evaluate petitioner's claim under Part 718 is not "in accordance with the applicable law." *Kolesar*, 760 F.2d at 729.

The fact that petitioner has not argued for application of Part 718 on appeal does not preclude remand of the case. Petitioner's argument for consideration of his claim under Part 410 is similar to the argument made by the claimant in *Knuckles*. In *Knuckles*, we did not reach the claimant's Part 410 argument because we addressed a "question of law not raised by petitioner" regarding application of Part 718, and remanded the case for further consideration. *Id.* at 998–99.

### III.

For the reasons stated, the petition for review is GRANTED, and this case is REMANDED to the Benefits Review Board with instructions to REMAND it to the ALJ for consideration of petitioner's claim under Part 718.