896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George CHILDRESS, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR.
 No. 89-3547.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The claimant, George Childress, filed an application for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901-45 (1982), on August 27, 1980. The Department of Labor administratively denied the claim, upon which the matter was referred to the Office of Administrative Law Judges for a formal hearing which was held on March 11, 1987. After the ALJ denied benefits on August 10, 1987, the claimant moved for reconsideration which was also denied on October 26, 1987. The claimant then appealed to the Benefits Review Board (the "BRB"), which affirmed the denial of benefits on May 24, 1989. On June 20, 1989, the claimant petitioned this court for review of the BRB's decision.
 
 
 2
 To claim benefits, the miner must prove that he has pneumoconiosis, that he contracted it through his coal mine employment, and that he is totally disabled due to the disease. See 20 C.F.R. Secs. 718.201-204 (1978). Furthermore, unless aided by one or more statutory presumptions, the miner must prove each element of entitlement by a preponderance of the evidence. See 20 C.F.R. Sec. 718.403.
 
 
 3
 The Director concedes that claimant suffers from pneumoconiosis, and that he contracted it through his coal mine employment. Thus, the critical issue on appeal is whether the claimant is totally disabled due to pneumoconiosis. The ALJ found that the claimant failed to prove total disability and the BRB affirmed.
 
 
 4
 The ALJ's findings must be affirmed if they are supported by substantial evidence, are rational, and are in accordance with law. 33 U.S.C. Sec. 921(b)(3), as incorporated by 30 U.S.C. Sec. 932(a). Upon review of the claimant's assignments of error, the record in its entirety, and the briefs of the parties, this court concludes that the denial of benefits was proper.
 
 
 5
 The claimant may establish total disability by the use of a medical report by a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concluding that a miner's respiratory condition prevents him from engaging in coal mine employment. See 20 C.F.R. Sec. 718.204(c)(4). When conflicting evidence relevant to disability is present, the factfinder must weigh all the evidence to determine whether the claimant has sustained his burden of proof. This is largely a credibility matter left for the factfinder to decide. See Director, O.W.C.P. v. Rowe, 710 F.2d 251 (6th Cir.1983). Moreover, it is within the ALJ's discretion to accord greater weight to the most recent evidence. See Knuckles v. Director, O.W.C.P., 869 F.2d 996, 998 (6th Cir.1989).
 
 
 6
 The record indicates that the ALJ examined all of the evidence, and appropriately weighed the conflicting medical reports. Since Dr. Mettu's report, which did not find total disability, provides substantial evidence to support the ALJ's decision, we accordingly affirm the order denying benefits.