909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hurlen LEWIS, Petitioner,
v.
BLUE DIAMOND COAL COMPANY, Respondent.
 No. 89-4028.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr, Circuit Judges; and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Hurlen Lewis seeks review of the denial of his application for benefits pursuant to the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901-45. Lewis argues that on remand from this court, the administrative law judge ("ALJ") failed to evaluate his case under the correct standard. For the reasons that follow, we affirm.
 
 I.
 
 2
 Petitioner Lewis was born on January 14, 1933, and has a fifth-grade education. He began working in coal mines in 1955, and worked for respondent Blue Diamond from 1968 until 1979, when he quit work because of a back injury. He now alleges that he cannot return to work because of respiratory problems.
 
 
 3
 Lewis applied for benefits in August 1979. After his application was denied administratively, he requested a hearing, which an ALJ conducted. In May 1983, the ALJ issued a decision denying Lewis' claim. The ALJ found that Lewis had established the interim presumption under 20 C.F.R. Sec. 727.203(a)(4), but that Blue Diamond had established rebuttal under section 727.203(b)(3).[1] The Benefits Review Board affirmed in April 1986. Lewis appealed to this court and in June 1987, we vacated the ALJ's decision and remanded the case for consideration under our decision in Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). In Gibas, we explained that
 
 
 4
 section 727.203(b)(3) has nothing to do with the degree of a miner's disability. On the contrary, it concerns the burden placed upon an employer in order to rebut the interim presumption of section 727.203(a) .... If an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.
 
 
 5
 748 F.2d at 1120 (citations omitted).
 
 
 6
 On January 6, 1988, the ALJ issued a Supplemental Decision and Order in which he again denied Lewis' claim. The ALJ concluded that because Lewis' doctors found no evidence that he suffered from pneumoconiosis, the weight of the evidence showed that pneumoconiosis played no part in causing Lewis' disability, and, therefore, Blue Diamond had established rebuttal under section 727.203(b)(3) and Gibas. The Benefits Review Board affirmed this decision on September 29, 1989.
 
 II.
 
 7
 It is undisputed that (1) Lewis worked underground for more than ten years; (2) he has respiratory problems; (3) he has never smoked tobacco, in cigarettes or other forms; and (4) four doctors whose reports are in the record found no evidence that Lewis suffers from pneumoconiosis.
 
 
 8
 Lewis first asserts that while the ALJ recited the Gibas "played no part" standard, he "effectively [and unlawfully] applied the 'significant relationship' standard." He asserts that evidence of this subterfuge can be seen in that "no physician stated an opinion that pneumoconiosis played no part in causing the claimant's presumed disability." Petitioner's Brief at 6. We do not agree.
 
 
 9
 Drs. Cornish, Wright, O'Neill, and Anderson (hereinafter referred to as "the reporting physicians") found no evidence of pneumoconiosis.[2] Consequently, we attach minimal significance to their failure to list something that did not exist as not being a cause of Lewis' disability. Moreover, the plain language of the ALJ's supplemental decision indicates that he adhered to Gibas and concluded by deductive reasoning that if Lewis did not have pneumoconiosis, then pneumoconiosis did not play any part in causing his disability.
 
 
 10
 Lewis next argues that the ALJ erred in failing to award benefits under 20 C.F.R. Sec. 410.490. He insists that under Neace v. Director, OWCP, 867 F.2d 264 (6th Cir.1989), and York v. Benefits Review Bd., 819 F.2d 134 (6th Cir.1987), he was entitled to have his application considered under section 410 regulations. We note that Neace and York deal with subsection (b)(2) and therefore have no applicability whatsoever to this (b)(3) case. Moreover, were section 410 criteria to apply, they pertain only to the invocation of the interim presumption; rebuttal remains evaluated under section 727.203. See Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 202 (6th Cir.1989). Thus, had the ALJ applied section 410 criteria, he would not have erred in denying the claim based upon section 727.03(b)(3).
 
 
 11
 Lewis' final argument is that the ALJ erred in failing to consider his claim under section 718. He asserts that under our decision in Knuckles v. Director, OWCP, 869 F.2d 996 (6th Cir.1989), all applications that are denied under sections 410 and 727 must be considered under section 718. We reject this argument, as Knuckles compels consideration under section 718 only where the claimant is unable to invoke the interim presumption under section 727. See Couch v. Director, OWCP, 893 F.2d 130, 132 (6th Cir.1990); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204-05 (6th Cir.1989). In this case, Lewis invoked the presumption under section 727. Thus, as in Saginaw Mining Co., "the only question before this court concerns rebuttal under 20 C.F.R. Sec. 727.203(b)." 879 F.2d at 205.
 
 III.
 
 12
 Accordingly, for the foregoing reasons, Lewis' petition for review is denied, and the Benefits Review Board's decision affirming the ALJ's denial of Lewis' claim is AFFIRMED.
 
 
 
 *
 Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Sec. 727.203 Interim presumption
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 * * *
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 * * *
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 * * *
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [2]
 At oral argument counsel for petitioner stated that rebuttal would have established had respondent relied upon (b)(4) as opposed to (b)(3)