915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary BRADLEY, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 89-4066.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a petition for review of an administrative decision denying black lung benefits. For the reasons that follow, we shall deny the petition.
 
 
 2
 * George Bradley filed an application for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901 et seq., on September 23, 1983.[1] The claim was denied initially and on reconsideration. The finding of non-entitlement was then affirmed following an informal conference, and the case was transferred to an Administrative Law Judge after Mr. Bradley requested a formal hearing.
 
 
 3
 A hearing was held on February 7, 1986, at which time Mrs. Bradley appeared for her husband and requested a continuance due to his poor health. The continuance was granted.
 
 
 4
 Mr. Bradley died on October 10, 1986. Mrs. Bradley subsequently filed an application for survivor's benefits. The new claim was also denied, and Mrs. Bradley requested a formal hearing on both her husband's claim and her own. The request was granted, and after a hearing the ALJ issued a decision denying both claims.
 
 
 5
 The findings of the ALJ may be summarized as follows: (1) although Mr. Bradley worked in mine-related occupations between 1941 and 1959, he only worked as a "coal miner," within the technical meaning of that term as used in 30 U.S.C. Sec. 902(d), for nine months; (2) as evidenced by the autopsy report, Mr. Bradley suffered from simple pneumoconiosis, but not complicated pneumoconiosis; and (3) insufficient evidence was offered to prove that Mr. Bradley's pneumoconiosis arose out of his coal mine employment, rather than out of his heavy smoking.
 
 
 6
 Mrs. Bradley appealed to the Benefits Review Board, which affirmed the denial of benefits. The Board found that the ALJ erred in his determination of the length of time Mr. Bradley had spent in qualifying coal mine employment, but that the error was harmless because the total time he had spent in such employment was less than ten years. (The duration of coal mine employment is important, because it affects the legal presumption that may apply.) The Board also affirmed the ALJ's conclusion that the necessary causal connection between Mr. Bradley's pneumoconiosis and his qualifying coal mine employment was not established.
 
 
 7
 Proceeding pro se, Mrs. Bradley then petitioned this court for review of the Board's decision.
 
 II
 
 8
 As we stated in Welch v. Benefits Review Board, 808 F.2d 443 (6th Cir.1986) (per curiam):
 
 
 9
 "This court has a limited scope of review over decisions of the Benefits Review Board. The Board itself may set aside an administrative law judge's findings of fact and conclusions of law only if they are not supported by substantial evidence, or not in accordance with law. Our scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." 808 F.2d at 445.
 
 
 10
 We have consistently defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corporation, 755 F.2d 485, 488 (6th Cir.1985).
 
 
 11
 * If a miner has engaged in qualified coal mine employment for ten years or more, there is a rebuttable presumption that pneumoconiosis, if diagnosed, was caused by that employment. 20 C.F.R. Sec. 718.203(b). If a miner has worked in coal mines for less than ten years, however, the burden is on the claimant to submit "competent evidence" establishing a causal relationship between the pneumoconiosis and the employment. 20 C.F.R. Sec. 718.203(c).
 
 
 12
 In determining the length of coal mine employment, the following statutory provisions are pertinent:
 
 
 13
 "The term 'miner' means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment." 30 U.S.C. Sec. 902(d).
 
 
 14
 "... '[C]oal mine' means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities;
 
 
 15
 (i) 'work of preparing the coal' means the breaking, crushing, sizing, cleaning, washing, drying, mixing, storing and loading of bituminous coal, lignite, or anthracite, and such other work of preparing such coal as is usually done by the operator of the coal mine." 30 U.S.C. Secs. 802(h)(2) and (i).
 
 
 16
 This court has interpreted the above statutory language as meaning that a claimant's proofs must satisfy both a "situs" requirement--i.e., they must show that the individual worked in or around a "coal mine" as defined by statute--and a "function" requirement--i.e., the proofs must show that the individual's duties involved the extraction, preparation or transportation of coal prior to its retail distribution and consumption. Falcon Coal Company, Inc. v. Clemons, 873 F.2d 916, 921 (6th Cir.1989); Southard v. Director, OWCP, 732 F.2d 66, 69 (6th Cir.1984).
 
 
 17
 In the case at bar, the ALJ found that Mr. Bradley's work from 1941-1943 and 1949-1959 involved fully processed coal. That being so, these periods did not qualify. With respect to the period between 1943 and 1949, the ALJ used Social Security records to determine that Mr. Bradley had only three years of qualifying coal mine employment, and that during that period he often worked only part-time. On this basis, the ALJ calculated that Mr. Bradley had only nine months of qualifying coal mine employment.
 
 
 18
 On appeal, the Board accepted some aspects of the ALJ's calculations and rejected others. The Board found that the errors were harmless, however, because it was conceded that Mr. Bradley had six years of qualifying employment at most--and six years is insufficient to invoke the presumption under 20 C.F.R. Sec. 718.203.
 
 
 19
 The determination that Mr. Bradley was employed as a "coal miner" for less than ten years is supported by substantial evidence in the record, including testimony offered at the administrative hearing by Paul Fletcher, a family friend, and by Mrs. Bradley herself. The claimant's concession that six years was correct, moreover, would normally be binding in any event. There is no legal basis on which we could reverse the Board's determination as to the duration of the coal mine employment.
 
 B
 
 20
 "Simple" pneumoconiosis is diagnosed when medical evidence reveals opacities in the lungs of up to one centimeter in diameter. "Complicated" pneumoconiosis occurs when the opacities discovered are greater than one centimeter in diameter. This distinction is important because 20 C.F.R. Sec. 718.304 provides that if a miner has complicated pneumoconiosis, there is an irrebuttable presumption that the miner's disability or death was caused by the pneumoconiosis. This presumption does not apply to simple pneumoconiosis.
 
 
 21
 The record of this case contains no medical evidence of opacities larger than one centimeter in diameter. The autopsy report only disclosed opacities "up to 1 cm.," and a review of the autopsy report by Dr. Sarah Long indicated that the nodules found "are not consistent with complicated pneumoconiosis." Based on this evidence, the ALJ concluded that Mr. Bradley had simple pneumoconiosis only and that the presumption of 20 C.F.R. Sec. 718.304 did not apply. The Board implicitly affirmed this conclusion.
 
 
 22
 Because Mr. Bradley was engaged in qualified coal mine employment for less than ten years, and because the presumption of 20 C.F.R. Sec. 718.304 was unavailable, Mrs. Bradley bore the burden of establishing by competent evidence that Mr. Bradley's pneumoconiosis arose at least in part out of his coal mine employment.[2] 20 C.F.R. Sec. 718.203(c). At the hearing, Mrs. Bradley presented the following medical evidence: (1) a 1983 report by Dr. Robert Hillberg, which made a diagnosis of pneumoconiosis and attributed it to Mr. Bradley's "lifelong habit of heavy smoking;" (2) a 1985 report by Dr. Paul Knight, Mr. Bradley's treating physician, in which Dr. Knight said there was total disability as a result of emphysema but did not address the cause of that disease; (3) a two-paragraph letter from Dr. Knight dated June 13, 1988, which stated that pneumoconiosis was "a very definite contributor" to Mr. Bradley's death; and (4) the autopsy conducted by Dr. Sidney Girsh, which diagnosed pneumoconiosis but did not address its cause. The ALJ also considered testimony offered at the hearing by Paul Fletcher and Mrs. Bradley. Both of them emphasized how short of breath Mr. Bradley was later in life; Mrs. Bradley also admitted, however, that he had regularly smoked one to two packs of cigarettes a day.
 
 
 23
 After weighing this evidence, the ALJ ruled that Mrs. Bradley had not met her burden of proving a causal connection between her husband's coal mine employment and his disability and subsequent death. Both the life claim and the survivor's claim were therefore denied.
 
 
 24
 This court may not set aside the Board's affirmance of the ALJ's determinations unless it concludes that the Board erred in finding that the determinations were not supported by "such relevant evidence as a reasonable mind might accept as adequate." Ramey, 755 F.2d at 488. We cannot reach such a conclusion here. A reasonable mind, viewing the evidence as a whole, might well have concluded that Mrs. Bradley failed to sustain her burden of proof on the issue of causation.
 
 
 25
 Accordingly, the petition for review is DENIED.
 
 
 
 [1]
 Because the claims at issue in this case were filed after April 1, 1980, they are governed by the permanent regulations at 20 C.F.R. Part 718, rather than the interim regulations at 20 C.F.R. Part 727. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989)
 
 
 [2]
 Noting the remedial nature of the Act, this court has previously stated that a miner who bears the burden of providing causation must establish only that his period of coal mine employment contributed to the disease, not that any discrete exposure period, by itself, caused the disease. Southard, 732 F.2d at 71