916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cledith SHOOP, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3252.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before MERRITT, Chief Judge; NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Cledith Shoop petitions for review of the Benefits Review Board's decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On December 17, 1979, Shoop filed a claim for benefits under the Act, based on her deceased husband's employment in the coal mines for a number of years. Her claim was denied by the Department of Labor on May 30, 1980. After a formal hearing, an Administrative Law Judge issued a decision and order, on June 2, 1987, denying her benefits. On appeal, the Benefits Review Board affirmed the ALJ's determination.
 
 
 3
 This court must affirm the decision below if it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Upon review, we conclude that the decision to deny benefits under Parts 727 and 410 of the Act is supported by substantial evidence and should be affirmed. However, Shoop's claim must be remanded for consideration under 20 C.F.R. Part 718 of the regulations.
 
 
 4
 Subsequent to the ALJ's decision, this court determined that a claim for benefits filed before March 31, 1980, but adjudicated thereafter, should be considered under the new Part 718 regulations. Couch v. Director, OWCP, 893 F.2d 130, 132 (6th Cir.1990); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). As the ALJ and the Board applied only Parts 727 and 410 to the petitioner's case, her claim must be considered under Part 718, particularly Sec. 718.205 and Sec. 718.303 of the regulations.
 
 
 5
 Accordingly, we hereby grant Shoop's petition for review and remand her claim to the Benefits Review Board with instructions to remand it to the ALJ for consideration of the petitioner's claim under Part 718. Rule 9(b)(6), Rules of the Sixth Circuit. Further, the decision of the Board to deny benefits under Parts 727 and 410 of the Act is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.