918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John HOBBS, Deceased by his Widow, Lorena HOBBS, Petitioner,
v.
PATHFORK HARLAN COAL COMPANY, and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 89-3883.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 In this action seeking benefits under the Black Lung Benefits Act, appellant Lorena Hobbs, widow of John Hobbs, deceased miner, appeals from the decision and order of the Benefits Review Board denying her husband's claim for black lung benefits. For the following reasons we affirm the decision and order of the Benefits Review Board.
 
 I.
 
 2
 The deceased claimant John Hobbs was a coal miner for over ten years. Hobbs ceased coal mine work on July 26, 1975, due to a back injury. Hobbs received a state workers compensation award for his back injury. Hobbs filed an application for benefits under the Black Lung Benefits Act on December 27, 1978. After initial processing by the Department of Labor, the claim was referred to the Office of Administrative Law Judges for a formal hearing. A hearing was held before Administrative Law Judge Robert J. Shea on May 9, 1984. In a June 13, 1984 order, the ALJ found claimant entitled to benefits under the interim presumption criteria of 20 C.F.R. Sec. 727.203. The ALJ also found the evidence insufficient to establish rebuttal of the interim presumption. Pathfork Harlan Coal Company pursued an appeal. Reversing and remanding the ALJ's original decision, the Board held that the ALJ failed to consider the mandatory quality standards for the pulmonary function study evidence prior to finding invocation under Sec. 727.203(a)(2). The Board also found that the ALJ improperly found the evidence insufficient to establish rebuttal of the interim presumption under Sec. 727.203(b)(3) by applying the wrong standard. Upon remand, the ALJ denied benefits. He found that the pulmonary function studies of Drs. Anderson and O'Neill failed to meet the mandatory quality standards of 20 C.F.R. Sec. 410.430. The ALJ also found that claimant failed to establish the existence of pneumoconiosis under 20 C.F.R. Part 410, Subpart D. Appellant appealed the ALJ's decision to the Board. On July 31, 1989, the Board affirmed the administrative law judge's decision. This appeal followed. Although appellant had legal representation below, she appeals pro se.
 
 II.
 
 3
 20 C.F.R. Sec. 727.203 provides criteria under which a miner is entitled to a presumption of total disability arising from pneumoconiosis. The ALJ held in his first and second orders that the x-ray evidence, blood gas studies and medical reports were insufficient to invoke the interim presumption under Secs. 727.203(a)(1), (a)(3) or (a)(4). In addition, in his second order the ALJ held that the medical reports were insufficient to invoke the interim presumption under Sec. 727.203(a)(2). In appealing the ALJ's second order denying benefits to the Benefits Review Board, appellant contended that the ALJ erred in failing to find invocation of the interim presumption pursuant to Secs. 727.203(a)(1) and (a)(2) and in failing to find entitlement to benefits under 20 C.F.R. Part 410, Subpart D. The Board found the ALJ's decision to be supported by substantial evidence. On review, we must determine whether the ALJ's determination that appellant failed to meet the criteria necessary for invocation of the interim presumption pursuant to Secs. 727.203(a)(1) and (a)(2) and that appellant failed to establish entitlement to benefits under 20 C.F.R. Part 410, Subpart D and/or Part 718 is supported by substantial evidence.
 
 
 4
 The ALJ's findings of fact must be upheld if supported by substantial evidence. Engle v. Director, Office of Workers' Compensation, 792 F.2d 63, 64 (6th Cir.1986). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). 20 C.F.R. Sec. 727.203(a) provides in part:
 
 
 5
 A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 
 
 6
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...;
 
 
 7
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412(a)(2) of this title) as demonstrated by values which are equal to or less than the values specified in the following table[.]
 
 
 8
 ....
 
 
 9
 The first question is whether the ALJ's decision that appellant failed to invoke the interim presumption pursuant to Sec. 727.203(a)(1) is supported by substantial evidence. With respect to Sec. 727.203(a)(1), the Board held that because appellant did not raise this issue when the case was first appealed by the employer, appellant was precluded from raising the issue of invocation pursuant to Sec. 727.203(a)(1) in the second appeal. We disagree. The Board relied upon Bernardo v. Director, OWCP, 9 BLR 1-97 (1986) for its holding. In Bernardo, however, the claimant failed to raise certain issues in his initial appeal. As a result, the Board precluded him from raising these issues in a second appeal. The case at hand is not on all fours with Bernardo. For the purposes of our review, the relevant question is whether appellant raised the issue below. Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987) ("[A] court shouldn't consider an argument that has not been raised in the agency proceeding that preceded the appeal." ) The fact that in both of his orders the ALJ found the evidence before him insufficient to invoke the interim presumption under Sec. 727.203(a)(1) suggest that the issue was raised below.
 
 
 10
 According to the ALJ, the X-ray evidence, blood gas studies and medical reports were insufficient to invoke the interim presumption under Sec. 727.203(a)(1). Appellant points to no reason(s) or evidence that would render this finding in error. Hence, while we find review here appropriate, we find that on the record before us we cannot say that the ALJ's decision was not supported by substantial evidence.
 
 
 11
 The next question is whether the ALJ's decision that appellant failed to invoke the interim presumption pursuant to Sec. 727.203(a)(2) is supported by substantial evidence. In order to invoke the interim presumption pursuant to Sec. 727.203(a)(2), the ventilatory studies relied upon must meet the mandatory quality standards established in 20 C.F.R. Sec. 410.430. 20 C.F.R. Sec. 727.206. Section 410.430 requires three important criteria: (1) that the reported maximum voluntary ventilation (MVV) and the one-second forced expiration volume (FEV) should represent the largest of at least three attempts; (2) that the record contain the requisite number of tracings appropriately labeled; and (3) that a statement be made as to the individual's ability to understand the directions, and cooperate in performing the tests. It follows from Sec. 727.206 and Sec. 410.430 that if any of the above requirements are not met, such report cannot be used to invoke the interim presumption pursuant to Sec. 727.203(a)(2).
 
 
 12
 To establish sufficient evidence to invoke the interim presumption pursuant to Sec. 727.203(a)(2), appellant relied below upon the medical reports of Drs. Anderson and O'Neill. Dr. Anderson was selected by Hobbs for the purposes of a black lung evaluation. A pulmonary function study on Hobbs by Dr. Anderson on December 13, 1978, produced an FEV1 value of 2.4 and an MVV of 98. The pulmonary function study results obtained by Dr. Anderson are not accompanied by any tracings. Further, Dr. Anderson offered no statement regarding Hobbs' degree of cooperation during the study. Dr. O'Neill conducted a pulmonary function study of Hobbs on March 12, 1979. Dr. O'Neill reported an FEV1 value of 2.23 and an MVV value of 69. The report of Dr. O'Neill's evaluation of Hobbs is accompanied by three unlabeled tracings. Dr. O'Neill testified that Hobbs failed to give maximal effort in performing the pulmonary function test and that such failure reduced the values obtained from the test. Dr. O'Neill described Hobbs' cooperation as fair. The ALJ found these reports insufficient as they did not meet the mandatory quality standards set forth in 20 C.F.R. Sec. 410.430.
 
 
 13
 We find the ALJ's decision here supported by substantial evidence. Although the result of non-compliance with Sec. 410.430 may be harsh, the requirements set forth in Sec. 410.430 are mandatory. The ALJ's determination that the reports of Drs. Anderson and O'Neill were insufficient to invoke the interim presumption for failure to comply with Sec. 410.430 is supported by substantial evidence.
 
 
 14
 We note appellant's contention that if the reports were inadequate she should have been given an opportunity to "fix" the reports. We are not persuaded by this argument. The Board reversed the ALJ's first order awarding benefits on January 30, 1987, because he failed to properly consider the mandatory quality standards of Sec. 410.430. A reading of the Board's January 1987 order would have notified claimant that on remand the reports of Drs. Anderson and O'Neill were to be subjected to the scrutiny of Sec. 410.430. Claimant was represented by counsel below. The ALJ's order on remand was not forthcoming until May 15, 1987, over three months after the Board's reversal. Therefore, claimant cannot now claim that she had no opportunity to "fix" the reports.
 
 III.
 
 15
 The Board's order reversing and remanding the ALJ's original decision ordered reconsideration of the claim under 20 C.F.R. Part 410, Subpart D, if the ALJ found on remand that claimant's evidence failed to invoke Sec. 727.203(a)(2). The ALJ found claimant's evidence insufficient to invoke Sec. 727.203(a)(2). Thus, pursuant to the Board's order, it was incumbent upon the ALJ to consider the claim under Part 410, Subpart D. On remand, the ALJ held that appellant failed to establish the existence of pneumoconiosis under 20 C.F.R. Part 410, Subpart D. On appeal of the ALJ's second order, appellant contended before the Board that the ALJ erred in failing to find entitlement to benefits under 20 C.F.R. Part 410, Subpart D. Upon review, citing Knuckles v. Director, OWCP, 869 F.2d 996, 998-99 (6th Cir.1989), the Board held that Part 410, Subpart D was inapplicable. Instead, the Board found it necessary to determine whether 20 C.F.R. Part 718 rendered appellant entitled to benefits. The Board found that appellant was not entitled to benefits pursuant to 20 C.F.R. Part 718. See Belcher, 895 F.2d at 246 (harmless error when ALJ applies Part 410 rather than Part 718 where proof fails under both Parts). Section 727.203(d) provides: "Where eligibility is not established under [Part 727], such eligibility may be established under Part 718...." Thus, the Board was correct in considering Hobbs' claim under Part 718. Couch v. Director, OWCP, 893 F.2d 130, 132 (6th Cir.1990) (citing Knuckles, 869 F.2d 996).
 
 
 16
 In order to establish entitlement to black lung disability benefits under Part 718 regulations, a claimant must prove three facts: "(1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose ... out of his coal mine employment; and (3) that he is totally disabled by pneumoconiosis." Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The issue in dispute here is requirement number three. The criteria for establishing that one is totally disabled from pneumoconiosis, the third requirement listed above, is set forth in 20 C.F.R. Sec. 718.204(c). The Board held that the pulmonary function and blood gas studies of record were insufficient to establish total disability under Secs. 718.204(c)(1) and (2). Further, the Board held that the record contained no evidence of cor pulmonale with right sided congestive heart failure, required in Sec. 718.204(c)(3). Finally, the Board held with regard to Sec. 718.204(c)(4) that claimant's failure to challenge the ALJ's determination that the medical evidence of record was insufficient to establish a totally disabling pulmonary or respiratory impairment under 20 C.F.R. Sec. 727.203(a)(4) in the ALJ's original decision and order precluded a finding of total disability under Sec. 718.204(c)(4). We agree. Moreover, the record before us fails to present the medical evidence necessary for a finding of total disability pursuant to Sec. 718.204(c)(4). Upon review of the record before us, we find the Board's conclusion that appellant failed to establish entitlement under Part 718 supported by substantial evidence.
 
 
 17
 We are mindful that the Black Lung Benefits Act is remedial in nature and should be "liberally construed to include the largest number of miners as benefit[s] recipients." Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984). Given this fact, we are inclined to suggest that ALJs and the Benefits Review Board are careful to give specific and well-reasoned statements in their decisions and not merely conclusory ones.
 
 IV.
 
 18
 For the foregoing reasons we AFFIRM the decision of the Benefits Review Board.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief District Judge for the Middle District of Tennessee, sitting by designation