929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juda BAKER, Widow of Chester Baker, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3675.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1991.
 
 BRB, No. 88-2442-BLA.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Juda Baker, a Kentucky resident, appeals from the decision and order of the Benefits Review Board affirming the denial of her claim for survivor's benefits filed pursuant to the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 On appeal, Baker asserts that the Board erred in finding that substantial evidence supported the finding of the Administrative Law Judge (ALJ) that she had failed to establish entitlement to survivor's benefits. Specifically, she asserts: (1) that the ALJ erred in finding that she had failed to establish the existence of pneumoconiosis pursuant to 20 C.F.R. Secs. 410.414 and 410.490; (2) that the ALJ erred in determining the length of her late husband's coal mine employment; (3) that the ALJ erred in failing to adjudicate her claim under the regulations at 20 C.F.R. Part 718; and (4) that the ALJ erred in finding that the presumptions of total disability were rebutted by the autopsy evidence of record.
 
 
 4
 Mrs. Baker's late husband, Chester Baker, the coal miner, died on September 24, 1976. She filed a claim for survivor's benefits under the Black Lung Benefits Act on February 14, 1977. A formal hearing was held before an ALJ on February 24, 1988. The ALJ issued a decision and order which denied benefits on June 1, 1988. Baker appealed to the Benefits Review Board, which issued a decision and order affirming the denial of benefits on June 28, 1990. Baker has filed a timely appeal to this court.
 
 
 5
 Upon review, we conclude that the ALJ's finding which credited the deceased miner with seven years of qualifying coal mine employment is supported by substantial evidence. See York v. Benefits Review Board, 819 F.2d 134, 136 (6th Cir.1987). However, because the ALJ failed to adjudicate Mrs. Baker's claim for benefits under the regulations set forth at 20 C.F.R. Part 718, further proceedings are required. See Couch v. Director, OWCP, 893 F.2d 130, 132 (6th Cir.1990); Knuckles v. Director, OWCP, 869 F.2d 996, 996 (6th Cir.1989). Under certain circumstances, a failure to consider a claim under the proper regulations can be harmless error. See Faries v. Director, OWCP, 909 F.2d 170, 173-74 and n. 4 (6th Cir.1990); Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989). Here, the error is not harmless. The final autopsy report lists chronic obstructive pulmonary disease, pulmonary emphysema, and chronic bronchitis. Such evidence can satisfy the requirement of establishing death due to pneumoconiosis pursuant to 20 C.F.R. Sec. 718.205. Therefore, a remand is appropriate.
 
 
 6
 Accordingly, the Board's decision is hereby vacated and the case remanded with instructions to remand the case to the ALJ for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation