**Alvin K. JONES, Petitioner,**

v.

**FLAMING SUN COALS, INC.; Kentucky Coal Producers' Self–Insurance Fund; Indian River Coal Co., Inc.; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 00–3857.

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

### ORDER

Alvin K. Jones, a pro se Kentucky claimant, petitions for review of the Benefits Review Board's decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones filed his original application for black lung benefits with the Department of Labor (DOL) on April 2, 1985. The DOL's deputy commissioner initially denied the claim and an administrative law judge (ALJ) issued a decision and order denying benefits on January 11, 1988. This denial was not further appealed.

The current application for benefits was filed on August 8, 1996, and was analyzed under the regulations' duplicate claim provision. *See* 20 C.F.R. § 725.309. The district director denied the claim on April 28, 1997, after finding that Jones had not established a material change in condition since the prior denial. Jones appealed and, following a formal hearing, the ALJ issued a decision and order denying benefits on March 26, 1999. The Benefits Review Board (Board) affirmed this decision on April 5, 2000. Jones's motion for reconsideration was denied on June 21, 2000.

Jones's pro se petition for review is construed as arguing that the ALJ's decision is not supported by substantial evidence or in accordance with the applicable law. Jones has filed a motion for leave to proceed in forma pauperis in this appeal.

■ This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's determination. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995). Given this limited scope of review, this court cannot substitute its own judgment for that of the ALJ where the ALJ has carefully considered each part of the evidence. *Knuckles v. Director, OWCP,* 869 F.2d 996, 998 (6th Cir.1989).

■ Because Jones's application for benefits was filed more than one year following the final denial of his prior claim, it was properly considered under the regulation governing duplicate claims. Pursuant to that regulation, it is the claimant's burden to show a material change in his condition before he is entitled to further adjudication. 20 C.F.R. § 725.309(d); *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir.1994). To assess whether a material change is established, the ALJ must consider all of the new medical evidence obtained after the previous denial, both favorable and unfavorable, and determine whether the miner has proven at least one of the elements of entitlement previously adjudicated against him. *Id.* at 997–98. If the miner establishes the existence of that element, he has demonstrated, as a matter of law, a material change, and the ALJ must then consider whether *all* of the record evidence, including that submitted with the previous claim, supports a finding of entitlement to benefits. *Id.*

■ In order to establish entitlement to benefits, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment;

and (3) the pneumoconiosis rendered him totally disabled. 20 C.F.R. § 718.202–04; *Adams v. Director, OWCP*, 886 F.2d 818, 820 (6th Cir.1989). He must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *Id.* Because the ALJ found that the newly submitted evidence failed to establish one of these elements of entitlement, the ALJ found no material change in condition pursuant to § 725.309(d) and denied Jones's claim on the basis of the prior denial.

Upon careful consideration of the record in this case, we conclude that the ALJ's decision is supported by substantial evidence and is in accordance with the applicable law.

Accordingly, Jones's motion to proceed in forma pauperis is granted for the purpose of this review only. His petition for review of the Board's decision is denied.