917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alex FRANCIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3756.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1990.
 
 Before WELLFORD, SUHRHEINRICH, Circuit Judges; and HOLSCHUH*, District Judge.
 PER CURIAM.
 
 
 1
 Petitioner Alex Francis, proceeding pro se, appeals from the Benefits Review Board's affirmance of the Administrative Law Judge's (ALJ) denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding that substantial evidence supports the denial of benefits, we AFFIRM.
 
 I.
 
 2
 Petitioner was born September 18, 1937. He worked in the coal mines intermittently from 1952 until 1971. Petitioner worked as a driller, shooter, coal loader, night watchman, mechanic, cutting machine operator, joy loader and roof bolter. Petitioner smoked a pack of cigarettes a day from age eight until he quit in 1983. He has a history of psychoneurosis and chronic anxiety.
 
 
 3
 On March 9, 1973, petitioner filed an application for black lung benefits, a Part B claim,[1] with the Social Security Administration (SSA). At first, petitioner's claim was approved by the SSA but the SSA later denied the claim and the denial was affirmed by the district court. In July 1976, petitioner filed an application for benefits, a Part C claim,[2] with the Department of Labor (DOL). In March 1978, pursuant to the Black Lung Benefits Reform Act of 1977, petitioner requested the DOL review the denied Part B claim. 30 U.S.C. Sec. 945(a). Under 20 C.F.R. Sec. 725.309, petitioner's two claims merged.
 
 
 4
 Petitioner's merged claim was initially denied by the DOL and a formal hearing was conducted by the ALJ at petitioner's request; petitioner was represented by counsel at the hearing. Petitioner was forty-nine years old at the time. In the application for benefits which is the subject of this action, petitioner contended that he had worked sporadically in the coal mines for approximately eleven years. After reviewing petitioner's various employment records, the ALJ concluded that the claimant was not entitled to invoke the ten-year presumption under 20 C.F.R. 727.203(a).[3] The ALJ also found that even if petitioner had established ten years of coal mine employment, the medical evidence presented would not meet the requirements under section 727.203(a)(1)-(4) to invoke that interim presumption.
 
 
 5
 The ALJ then considered the interim presumption set out at 20 C.F.R. Sec. 410.490[4] (citing Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987)). The ALJ concluded that the chest x-ray evidence was overwhelmingly negative for simple pneumoconiosis and declined to invoke the interim presumption under section 410.490(b)(1)(i). In reviewing the X-ray evidence, the ALJ gave greater weight to the majority of the readings, which were negative, and the negative reading of the most recent X-ray by a B-reader. The ALJ found the rest of section 410.490's interim presumption provision inapplicable due to petitioner's limited coal mine employment.
 
 
 6
 The ALJ then reviewed petitioner's claim for benefits under the permanent regulations at Part 410 and Part 718.[5] The ALJ found that neither the credible pulmonary function studies nor the arterial blood gas studies established total disability under Parts 410 or 718 (citing 20 C.F.R. Sec. 718.204(c)(1)(2)). Further, petitioner presented no evidence that he was suffering from cor pulmonale with right sided congestive heart failure (citing 20 C.F.R. Sec. 718.204(c)(3)). Finally, the ALJ found that "the record does not contain any well reasoned, documented physician's opinion which establishes the existence of a totally disabling respiratory or pulmonary impairment." (citing 20 C.F.R. Sec. 410.422 et seq., Sec. 718.204(c)(4)). The ALJ reasoned:
 
 
 7
 The conclusions of Drs. Martin, Cameron, and Odom that claimant has pneumoconiosis, with some varying degree of impairment, and their suggestion that he should avoid dust exposure are insufficient to establish total disability. Moreover, the contrary opinions of Dr. Williams and particularly, Dr. Dominic are far more consistent with the objective evidence, which reveals virtually no abnormal findings on examination, or on the clinical tests (citations omitted).
 
 
 8
 The ALJ concluded "the preponderance of the evidence establishes that claimant does not have simple pneumoconiosis ... [further] claimant's respiratory and pulmonary condition, if any, does not preclude him from engaging in his usual coal mine work or comparable employment." The ALJ therefore denied petitioner benefits. The Benefits Review Board affirmed, holding that the evidence was insufficient to invoke the interim presumption under section 410.490 and was insufficient to establish total disability under section 718.204(c). Since the ALJ's findings regarding pulmonary function and blood gas studies precluded the invocation of the presumption under section 727.203, the Board declined to address the issue of whether substantial evidence supported the ALJ's finding that petitioner failed to establish ten years of coal mine employment. Petitioner now appeals the Board's decision.
 
 II.
 
 9
 Appellate review of a decision of the Board is limited to ensuring that the correct statutory standards have been applied and that no errors of law are present. Director, OWCP v. Consolidated Coal Co., 884 F.2d 926, 929 (6th Cir.1989) (citations omitted). The Board is obligated to accept the ALJ's findings of fact if they are supported by substantial evidence in the record considered as a whole. Id. The Board may not conduct a de novo review, or substitute its own factual findings because it believes them to be more reasonable than those reached by the ALJ. Id. The Board and this Court, however, have plenary authority to review questions of law. Id.
 
 
 10
 Under 20 C.F.R. Sec. 410.490, a petitioner is entitled to a presumption of disability due to pneumoconiosis if there is X-ray evidence of pneumoconiosis and if that condition arose out of coal mine employment. 20 C.F.R. Sec. 410.490(b)(1) and (2). In the record, there were numerous X-rays. Only two readings of the X-rays were found to be positive for pneumoconiosis; these readings were performed in 1974 and 1975 by Drs. Odom and Cameron neither of whom were B-readers. The remaining readings of the X-rays showed no evidence of pneumoconiosis. The most recent X-ray was read by a B-reader, who found that it was completely negative for pneumoconiosis. In light of the progressive nature of the disease, the numerous negative X-ray readings, and the greater expertise of the B-readers who found no existence of pneumoconiosis, we hold the ALJ did not err in concluding that petitioner was not entitled to benefits under 20 C.F.R. Sec. 410.490.
 
 
 11
 Under 20 C.F.R. Part 727, a petitioner may also establish entitlement to benefits if the petitioner has been engaged in coal mine employment for ten years or more and if one of four medical requirements establishes the existence of pneumoconiosis: (1) a chest x-ray or biopsy; (2) pulmonary function studies; (3) blood gas studies; or (4) other medical evidence, including documented medical opinion that the petitioner has a disabling pulmonary or respiratory impairment. 20 C.F.R. 727.203(a)(1)-(4). Assuming we accept petitioner's contention that he had been in coal mine employment for eleven years and reject the ALJ's findings, petitioner's claim would still fail because he has not established a disability under any of the four preceding medical requirements.
 
 
 12
 First, in view of the ALJ's weighing of the evidence, claimant cannot establish that he is disabled using x-ray evidence. Second, the pulmonary function studies of April 1973, September 1974, May 1976, and August 1976 do not meet the values set forth in the tables. Those studies which do meet the qualifying values do not satisfy the regulations "quality standards." Under 20 C.F.R. Sec. 727.206(a), the studies must contain certain tracings regarding the miner's cooperation during testing. Accordingly, the claimant cannot establish disability through the use of the pulmonary function studies. Third, the blood gas studies do not meet the appropriate values set forth in the table at 20 C.F.R. Sec. 727.203(a)(3).
 
 
 13
 Finally, there is insufficient medical opinion evidence in the record to support a finding of disability. Dr. Williams examined the claimant in July of 1975. He concluded that the claimant had no serious pulmonary or cardiovascular disease. He felt that the claimant suffered from psychoneurotic problems. Dr. Dominic examined the claimant in August of 1977 and concluded that there was no evidence of significant pulmonary or cardiac problems. He, too, felt that claimant's problems were most likely mental or emotional. Dr. Odom initially found that the claimant's lungs were normal on September 23, 1974. However, on September 25, 1974, Dr. Odom, without explanation, concluded that the claimant was totally disabled due to pneumoconiosis. Dr. Cameron, although he found that the physical examination of the claimant's chest was negative, concluded that the claimant had pneumoconiosis and could no longer work in a dusty environment. Dr. Martin examined the claimant twice, once in 1973 and once in 1976. The claimant's physical examination was negative. Dr. Martin reviewed the negative X-ray evidence and non-qualifying pulmonary function studies and concluded, without supporting clinical data, that the claimant was disabled by pneumoconiosis as a result of his coal mine employment.
 
 
 14
 It is within the ALJ's discretion to reject those doctors' opinions which are not supported by objective medical evidence in the record. Director, O.W.C.P. v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). In this case, the opinions of Drs. Odom, Martin, and Cameron are not supported by objective evidence in the record. They simply fail to document adequately why they reached the conclusions they did. Moreover, their opinions are in direct conflict with the opinions of Drs. Williams and Dominic, whose opinions are supported by the objective evidence in the record. Accordingly, the ALJ properly found that the claimant was not entitled to benefits under Part 727.[6]
 
 
 15
 Because the ALJ's decision is supported by substantial evidence, we AFFIRM the denial of benefits.
 
 
 
 *
 The Honorable John D. Holschuh, Chief District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Part B claims are those claims filed on or before December 31, 1973. 30 U.S.C. Sec. 921-925. Part B claims are administered by the Department of Health, Education and Welfare ("HEW") under a temporary program of federally financed benefits. See Black Lung Statutory Background sheet
 
 
 [2]
 Part C claims are those claims filed after December 31, 1973. 30 U.S.C. Sec. 931-941. Part C claims are administered by the DOL as a workers' compensation program
 
 
 [3]
 20 C.F.R. Sec. 727.203 was an interim regulation promulgated by the DOL in response to the Black Lung Benefits Reform Act of 1977. Part C claims filed before April 1, 1980 are governed by part 727. Section 727.203(a) creates a rebuttable presumption of total disability; it incorporates medical criteria identical to those used in 20 C.F.R. Sec. 410.490, but Sec. 727.203(a) differs from Sec. 410.490 in that its availability is conditioned on proof of ten years of coal mine employment
 
 
 [4]
 Section 410.490 was adopted by the HEW following the Black Lung Benefits Act of 1972
 
 
 [5]
 A claimant who files for benefits prior to April 1, 1980, but who cannot establish entitlement to benefits under the interim regulations, Sec. 727.203, may attempt to establish entitlement under the permanent regulations, Sec. 718. See 20 C.F.R. Sec. 727.203(d). In Knuckles v. Director, 869 F.2d 996 (6th Cir.1989), the Sixth Circuit held that such a claimant is entitled to establish entitlement under the "new" Sec. 718, instead of the "old" 718, which merely incorporated Sec. 410.401-.476 by reference
 
 
 [6]
 In light of the fact that the qualifying table values and other standards are much higher under 20 C.F.R. Parts 410 and 718 than under any of the Parts which have been previously discussed, this Court need not address any arguments under these Parts