921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HALL, Claimant-Petitioner
v.
VANCE COAL COMPANY and Director, Office of Workers'
Compensation Programs, U.S. Department of Labor,
Respondents.
 No. 90-3366.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal from a denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. The Benefits Review Board of the United States Department of Labor found that the decision of the Administrative Law Judge that benefits should be denied to Claimant James E. Hall was supported by substantial evidence. We agree.
 
 
 2
 Hall worked for five years in coal mines during the period between 1957 and 1974, his last employment in the mines ending on August 11, 1974. He filed a claim for Black Lung Benefits on November 11, 1974. Hall's claim has a lengthy procedural history. The Department of Labor denied his claim on September 29, 1979, and again after reconsideration on November 27, 1979. The claim, transferred to the Office of Administrative Law Judges on March 19, 1981, was heard by an ALJ on September 21, 1982, and denied on December 10, 1982. The Benefits Review Board, following timely notice of appeal on December 20, 1982, heard an appeal and remanded the case to the ALJ on March 13, 1986, for a limited reconsideration. The ALJ again denied benefits, March 26, 1987, which denial the Board affirmed on February 27, 1990.
 
 
 3
 When a claim under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq is reviewed, an ALJ's findings of fact are not to be set aside unless they are not supported by substantial evidence in the record as a whole. 33 U.S.C. Sec. 921(b)(3) as incorporated by 30 U.S.C. Sec. 932(a). Regulations add that an ALJ's "findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. Sec. 802.301(a). The Benefits Review Board " 'must affirm the administrative law judge if his or her decision is supported by substantial evidence and is not irrational'. Judicial review is, therefore, addressed to the question whether the ALJ--not the Board--had substantial evidence on which to base his or her decision." Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989) (citation omitted).
 
 
 4
 This appeal is properly considered under Part 718 of the Regulations. See Knuckles v. Director, OWCP, 869 F.2d 996 (6th Cir.1989) (establishing that claims such as Hall's, filed before March 31, 1980, but adjudicated after that date, should be considered under Part 718 if a claimant fails to establish eligibility under Part 727). To qualify for Black Lung benefits under Part 718 of the Regulations, a miner must establish three elements: (1) he has pneumoconiosis; (2) it arose at least in part from his coal mine employment; and (3) his disease renders him totally disabled, that is, he is unable to do his usual coal mine work or other similar work. See 20 C.F.R. Secs. 718.2, 718.202, 718.203, 718.204; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 5
 In addition, a claimant who worked in the mines less than ten years and who filed a claim after June 30, 1973, but before March 31, 1980, is entitled to have his claim considered under the criteria of the interim presumption in 20 C.F.R. Sec. 410.490. The section 410.490 presumption requires the miner either to "establish[ ] the existence of pneumoconiosis" by a chest x-ray or a biopsy, or to show that he has worked at least fifteen years in the mines and that he has a "chronic respiratory or pulmonary disease." See 20 C.F.R. 410.490(b)(1)(i), (ii). If the claimant is able to invoke the presumption, the miner will be presumed to be "totally disabled due to pneumoconiosis." Id. The claimant's entitlement to consideration for the section 410.490(b) interim presumption was established for the Sixth Circuit in Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), based on its interpretation of the 1977 amendment of the Black Lung Benefits Act, amending 30 U.S.C. Sec. 902(f) to require that claims adjudicated under Part 727 shall be adjudicated under criteria "not ... more restrictive than the criteria applicable to a claim filed on June 30, 1973." Kyle, 819 F.2d at 141, quoting 30 U.S.C. Sec. 902(f)(2). Those criteria include the section 410.490 interim presumption which does not mandate ten years of coal mine employment as a threshold requirement for eligibility as does the section 727.203 interim presumption. The U.S. Supreme Court ruled similarly soon after Kyle in Pittston Coal Group v. Sebben, 488 U.S. 105 (1988).
 
 
 6
 The ALJ found on his first evaluation of Hall's claim that eleven physicians read the claimant's x-rays; seven of the physicians found the x-rays positive for pneumoconiosis, and four read the x-rays as negative. The ALJ relied more heavily on three of the negative readings because they were done by "B" readers while none of the positive readings was done by a "B" reader. See 20 C.F.R. 718.202(a)(1)(ii)(E). The ALJ then found that the weight of the x-ray evidence did not support a finding of the existence of pneumoconiosis. The ALJ further found that the physicians' reports that stated that the claimant had pneumoconiosis could not establish the miner's claim because they were based on the positive x-ray readings that he had found to be outweighed by negative readings.
 
 
 7
 On review, the Benefits Review Board approved, as based on substantial evidence, the ALJ's finding that the x-rays did not establish pneumoconiosis. The Board remanded for reconsideration, however, the issue whether the reports could establish entitlement to benefits; the Board considered the reports to be based only partially on the x-rays. On remand the ALJ reconsidered each of the reports and concluded that none of the reports established the existence of a totally disabling respiratory or pulmonary impairment arising out of coal mine employment.
 
 
 8
 On remand, the ALJ also admitted into evidence two new medical reports, as he is empowered to do under 20 C.F.R. Sec. 725.456(b)(1). One of the medical reports contained a report of a chest x-ray which the doctor had read as showing the existence of pneumoconiosis. The ALJ said that the new evidence would be considered on remand, thus denying the claimant's motion to have the case returned to the Deputy Commissioner. The ALJ did consider the new reports, along with all the others, under his limited remand instruction to evaluate whether the reports, aside from their reliance on the x-ray evidence, could establish the existence of a totally disabling respiratory or pulmonary impairment arising out of coal mine employment. The ALJ did not reconsider the x-ray evidence as a whole to evaluate whether the new x-ray could change the weight of the evidence and whether the x-rays could, by a preponderance of the evidence, then establish the existence of pneumoconiosis.
 
 
 9
 The Board, on its second review, considered the ALJ's first finding, that the x-ray evidence was negative for the existence of pneumoconiosis, to be the law of the case and did not re-open that question. Because the x-ray evidence was negative for the existence of pneumoconiosis, the claimant could not "establish the existence of pneumoconiosis" by a preponderance of evidence to invoke the presumption allowed by 20 C.F.R. Sec. 410.490. Thus the miner could not use Sec. 410.490 to show that he was "totally disabled due to pneumoconiosis." The Board did not address the existence of the report of a new x-ray admitted into evidence.
 
 
 10
 Finally, the Board concluded that the ALJ's finding in relation to the medical reports was supported by substantial evidence. The ALJ's finding that each of the physician's reports, standing alone, failed to establish the existence of a totally disabling respiratory or pulmonary impairment arising out of coal mine employment was stated in terms of the standard articulated in 20 C.F.R. Sec. 410.414(c). The remand instruction directed the ALJ to consider the reports in light of 20 C.F.R. Sec. 410.414(c), the Regulations considered applicable at that time. The Benefits Review Board applied these findings to a somewhat parallel section in Part 718, 20 C.F.R. Sec. 718.204(c), and affirmed them.
 
 
 11
 The ALJ concluded that because the miner failed to establish the existence of pneumoconiosis by x-ray evidence and thus could not invoke section 410.490's presumption of total disability due to pneumoconiosis and because the miner did not establish total disability due to pneumoconiosis under 20 C.F.R. Sec. 718.204(c), the miner failed to establish a requisite element of entitlement under Part 718.
 
 
 12
 Our own review of the record and of the ALJ's examination of that record leads us to conclude that the ALJ's findings are supported by substantial evidence. On his first review, the ALJ considered mixed positive and negative results and weighed the evidence in terms of the qualifications of the physician readers, as the Regulations empower him to do. In addition, on remand he considered each medical report in turn and concluded that each was insufficient to establish the claim. When the ALJ considers carefully each part of the evidence, weighing it when the results are mixed, this Court does not substitute its own judgment for that of the ALJ. See Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989) (declining to overturn ALJ's conclusion, which was based on careful weighing of evidence).
 
 
 13
 We, therefore, affirm the Benefits Review Board's affirmance of the ALJ's denial of benefits as based on substantial evidence.
 
 
 14
 This disposition is made without prejudice, however, to the claimant's ability to file a new application with the Deputy Commissioner on the basis of the report of the new x-ray admitted into evidence by the ALJ on his second consideration of this claim. The ALJ did not consider the whole weight of the evidence as it was affected by the new x-ray, and therefore did not evaluate whether the new x-ray changed the weight of the evidence to a preponderance in favor of the existence of pneumoconiosis. We, therefore, have not reviewed the issue whether the new x-ray could, by changing the weight of the evidence, enable the claimant to invoke the section 410.490 presumption because the ALJ did not adjudicate that issue.