977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STRAIGHT RIDGE COAL COMPANY; Liberty Mutual Insurance
Company, Petitioners,
v.
Edna WIGGINS, Widow of Homer Wiggins, Deceased; Gill-Way
Fuels, Inc.; Bituminous Insurance Company; Director,
Office of Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 92-3192.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Straight Ridge Coal Company (Straight Ridge) and its insurance carrier petition for review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) decision and order awarding benefits to Edna Wiggins, widow of Homer Wiggins, under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, Respondent Gill-Way Fuels, Inc. (Gill-Way) has waived oral argument in this appeal. Although requested to do so by May 29, 1992, Petitioner Straight Ridge and Respondents Wiggins and Director, Office of Workers' Compensation Programs (OWCP), have not objected to the submission of this case on the briefs. Thus, they are deemed to have waived oral argument in this appeal. Rule 9(d), Rules of the Sixth Circuit.
 
 
 3
 The miner filed his initial application for benefits with the Department of Labor (DOL) on September 7, 1976. The DOL awarded interim benefits under 20 C.F.R. Part 727 on October 16, 1979. Following the miner's death in December 1984, a widow's claim was filed and was consolidated with the miner's claim. A formal hearing was held on November 5, 1987. On August 3, 1988, the ALJ issued a decision and order awarding benefits, and this determination was affirmed by the BRB on appeal. The BRB also affirmed the ALJ's designation of Straight Ridge as the responsible operator liable for payment of benefits. Upon the award of benefits under the miner's claim, the widow automatically became entitled to survivor's benefits pursuant to 20 C.F.R. § 725.212(a). (All section numbers used in this order pertain to Title 20, Code of Federal Regulations.)
 
 
 4
 On appeal to this court, Straight Ridge argues that the ALJ erred in finding that: (1) the interim presumption was invoked under § 727.203(a)(1); (2) the employer failed to rebut the presumption under § 727.203(b)(3); (3) the employer was precluded from rebutting the presumption under § 727.203(b)(4); and (4) Straight Ridge, rather than Gill-Way, is the proper responsible operator. Respondent Wiggins has filed a motion to strike an argument from the brief of Respondent Gill-Way, to which Gill-Way has responded.
 
 
 5
 Upon review, we shall deny the motion to strike and affirm the BRB's decision and order. This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Review of the BRB's decision and order shows that the BRB did not commit any legal error or exceed its statutory scope of review.
 
 
 6
 The ALJ's determination that the interim presumption of total disability arising out of coal mine employment was invoked by autopsy evidence pursuant to § 727.203(a)(1) is supported by substantial evidence. Each pathologists's report was adequately summarized and the pathologists' credentials, as they appeared in the record, were noted. The ALJ explained that the reason behind his decision was Dr. Imprescia's "fully persuasive analysis of his findings." The ALJ fulfilled his responsibility as factfinder by weighing each pathologist's report and adequately explaining his reason for crediting the report of Dr. Imprescia over the others in making his determination. See Director, OWCP v. Congleton, 743 F.2d 428, 430 (6th Cir.1984). Given its limited scope of review, this court cannot substitute its own judgment for that of the ALJ when the ALJ has carefully considered each part of the evidence. See Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 7
 The ALJ's finding that Straight Ridge did not establish rebuttal under § 727.203(b)(3) is also supported by substantial evidence. This subsection permits rebuttal if the evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment. This circuit has held that an employer has satisfied the requirements of this subsection when it shows that pneumoconiosis played no part in causing a miner's disability. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985).
 
 
 8
 Once again, Straight Ridge is merely unhappy with the factfinder's weighing of the evidence. All of the physicians of record found that the miner was totally disabled by pulmonary disease, disagreeing only over causation. The ALJ properly excluded the reports of the physicians which did not have accurate smoking and/or coal mine employment histories, or whose conclusions were not supported by objective tests. The ALJ permissibly credited the opinion of the treating physician with additional weight. Of those physicians who did not diagnose pneumoconiosis, only Drs. Broudy and Branscomb ruled out coal mine dust exposure as a contributing cause of the miner's pulmonary disability. In addition, the miner's death certificate lists pneumoconiosis as a contributing cause of the miner's death. Thus, a review of the medical evidence clearly supports the ALJ's conclusion that Straight Ridge failed to establish rebuttal of the interim presumption under § 723.203(b)(3).
 
 
 9
 Straight Ridge's third argument on appeal is completely meritless in light of our disposition of its first argument. The Supreme Court has held that invocation of the interim presumption under § 727.203(a)(1) precludes rebuttal under § 727.203(b)(4). Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 150 (1987).
 
 
 10
 Finally, the ALJ's determination that Straight Ridge is the responsible operator liable for payment of benefits in this case is supported by substantial evidence. It is undisputed that the miner's most recent period of coal mine employment exceeding one year was with Straight Ridge. Section 725.493(a)(1). There is also no dispute that Straight Ridge meets the responsible operator criteria of subsections 725.492(a)(2) and (a)(3). Straight Ridge challenges the ALJ's designation on two grounds: (1) Gill-Way should be held liable as the successor operator of the last mine at which the miner worked, and (2) Straight Ridge was not covered by insurance at the time the miner's claim was filed and so cannot meet the requirement of § 725.492(a)(4).
 
 
 11
 Significantly, Straight Ridge presented no evidence to the ALJ (such as a record of assets purchase) which would establish that Gill-Way is a successor operator within the meaning of § 725.493(a)(2). However, even if Gill-Way were found to be a successor operator under the regulations, Straight Ridge would remain primarily liable for payment of benefits if it otherwise meets the responsible operator criteria of § 725.492(a)(2)-(4), including the financial ability to assume liability. Section 725.493(a)(2)(ii).
 
 
 12
 Straight Ridge's principal challenge to its designation as responsible operator involves its ability to pay benefits. Section 725.492(a)(4) requires that, in order to be held responsible for payment of benefits, the operator must be financially capable of assuming benefit liability. The insurance carrier's 1979 controversion informed the DOL that its policy with Straight Ridge was cancelled on November 1, 1974, approximately two years before the miner filed his initial claim. Straight Ridge continues to argue that it cannot be held as responsible operator for this reason, but offers no authority to support this position. Instead, it appears that the relevant time period for determining insurance coverage is the period during which the miner was employed by the operator. Section 726.203(a). See also Brock v. Ken-Lick and Tip Top Coal, Inc., No. 87-6105 (6th Cir. Aug. 27, 1990) (per curiam). It is undisputed that Straight Ridge was covered by Liberty Mutual's policy during the time that Wiggins worked for Straight Ridge.
 
 
 13
 Moreover, obtaining insurance coverage is only one way of demonstrating financial ability to pay benefits. In the absence of evidence to the contrary, a mere showing that a business or corporate entity exists in regard to that operator will be deemed sufficient evidence of the capacity to assume such liability. Section 725.492(b). Straight Ridge has provided no contrary evidence to show that it is not financially able to assume liability for payment of benefits.
 
 
 14
 Finally, we deny the motion to strike Respondent Gill-Way's second argument from its brief, but do not address the argument. The specific issue of the cause of the miner's death as opposed to his disability was not argued before the ALJ or the BRB. Unless an injustice will otherwise result, this court will not review an issue not first presented to the agency. Quarto Mining Co., 901 F.2d at 536. No injustice will result if this issue is not addressed on appeal. Because Wiggins's unrebutted showing of total disability arising out of coal mine employment is sufficient to establish entitlement to benefits, Gill-Way's argument is immaterial.
 
 
 15
 Accordingly, we deny the motion to strike. The BRB's decision and order affirming the ALJ's decision and order awarding benefits to Edna Wiggins, widow of Homer Wiggins, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation