78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul BAKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 95-3004.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1996.
 
 Before: BROWN, WELLFORD, and MILBURN, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Petitioner Paul Baker worked in the coal mines from 1952 through about 1976. He filed claims with the Social Security Administration for Black Lung benefits in 1970 and 1973, respectively, both of which were denied. On March 17, 1979, Baker filed the claim involved in this appeal. In 1986, the Administrative Law Judge ("ALJ") awarded Baker benefits pursuant to § 727.203(a)(4) based on the report of a Dr. Arthur J. Nash, who had concluded that Baker was permanently disabled. On administrative appeal, the Board reversed that decision because Dr. Nash had not "specifically attribute[d] claimant's total disability to a pulmonary or respiratory impairment." The Board remanded to the ALJ to consider whether, from the remaining medical evidence, Baker would be entitled to benefits.
 
 
 2
 On remand, the ALJ considered the reports of Dr. Mary Hall, Dr. W. Grady Stumbo, Dr. T.H. Biggs, Dr. Cordell H. Williams, and Dr. W.F. Clarke. All of their reports covered the years 1979 through February of 1983, Dr. Clarke's report being the most recent. Of all the doctors, only Dr. Clarke found that Baker was totally disabled due to a pulmonary or respiratory impairment. The ALJ found that Dr. Clarke's conclusion, however, was not creditworthy because his "pulmonary function study was discredited by Dr. Kraman for very poor effort, and the chest x-ray was reread by a more highly qualified physician as negative for pneumoconiosis."[1] The ALJ denied benefits, crediting the opinions of other doctors and finding that the objective factors on which Dr. Clarke based his opinion were not reasonable. The Board affirmed that decision. This court, however, reversed and remanded to the Board to direct the ALJ to conduct further fact-finding relating to the credentials of the doctors.
 
 
 3
 Again, on remand, the ALJ set forth an opinion consistent with the one he had issued previously, but he explained in more detail the reasons why he discredited the findings of Dr. Clarke and why he gave more weight to the opinion Dr. Kraman and others. The ALJ recognized that when the findings of a consultant (Dr. Kraman) are given more credence that one who actually observed a test (Dr. Clarke), a rationale must be provided. Brinkley v. Peabody Coal Co., 14 B.L.R. 1-147 (1990). He reasoned that Dr. Kraman was more creditworthy because he was a Board-certified specialist in pulmonary diseases, and Dr. Clarke was a cardiologist who, "after forty-three years of practicing medicine, is Board-certified in nothing." On November 10, 1994, the Board affirmed the ALJ, noting that "inasmuch as the [ALJ] properly discredited the only evidence supportive of a finding of a totally disabling respiratory or pulmonary impairment, entitlement under 20 C.F.R. Part 718 is precluded." Baker filed this timely appeal, and the crux of Baker's case is his allegation that the ALJ improperly discredited the report of Dr. Clarke.[2]
 
 
 4
 This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). The court has only a limited role in reviewing physicians' reports:
 
 
 5
 Determinations of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact. Similarly, the trier of fact determines the weight to be accorded to the evidence. Moreover, a reviewing court may not set aside an inference because it finds another more reasonable.
 
 
 6
 Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989) (quoting Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985) (citations omitted)).
 
 
 7
 A coal miner is entitled to Black Lung benefits[3] if he is totally disabled due to pneumoconiosis. Under 20 C.F.R. § 727.203(a)(4), a miner "will be presumed to be totally disabled due to pneumoconiosis ... if ... [o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment."[4] If this condition is met, there exists an interim presumption of entitlement to benefits.[5] Additionally, if the claim was filed prior to March 31, 1980, a permanent presumption may exist under 20 C.F.R. § 718.305(a) if "other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment." See Knuckles, 869 F.2d at 998-99.
 
 
 8
 Only the reports of Drs. Nash and Clarke concluded that Baker was totally disabled. The report of Dr. Nash is insufficient to support the interim presumption of entitlement because, as the Board found, his report did not attribute Baker's disability to pneumoconiosis.[6] Therefore, only Dr. Clarke's report, which the ALJ rejected, would support the interim presumption.
 
 
 9
 Baker first argues that the ALJ erred in failing to give determinative weight to Dr. Clarke's report because of the "later evidence rule," under which a tribunal should give more weight to the most recent medical evidence. See Woodward v. Director, OWCP, 991 F.2d 314, 319 (6th Cir.1993) (quoting Adkins v. Director, OWCP, 958 F.2d 52 (4th Cir.1992)). Absent the report of Dr. Nash, the report of Dr. Clarke is the most recent. Both parties agree that, if Dr. Clarke's opinion is sufficiently documented and reasoned, then it is entitled to credit.
 
 
 10
 Baker maintains that a "reasoned" opinion is one in which the underlying documentation adequately supports the physician's conclusions. The Board (and the ALJ) found that Dr. Clarke's opinion was not "reasoned" because (1) the electrocardiogram performed by Dr. Clarke was normal; (2) the chest X-ray, which he found to be positive, was reread by more highly qualified readers as negative; (3) and the pulmonary function study, which Clarke found to be valid, was found to be invalid by a more qualified doctor due to poor effort. In sum, the ALJ credited the opinions of the more qualified doctors and rejected that of Dr. Clarke's.
 
 
 11
 Baker's best legal argument is that the ALJ impermissibly discredited Dr. Clarke's opinion based on evidence that was relevant to a presumption under a different subsection of § 727.203. It is true that "invocation of the interim presumption under one subsection may not be defeated by evidence relevant to another subsection." Winters v. Director, OWPC, 6 B.L.R. 1-877, 1-881 (1984). For example, the ALJ's rejection of Dr. Clarke's X-ray evidence precluded a presumption under § 727.203(a)(1) (presumption invoked if there is a positive X-ray), and the ALJ's rejection of Dr. Clark's ventilatory study precluded a presumption under § 727.203(a)(2) (presumption invoked if there is a positive ventilatory study). In Winters, the Board stated that "[a]n [ALJ] may not deny invocation pursuant to subsection (a)(4) [ ] merely because a physician's x-ray interpretation or ventilatory study were found to be outweighed by interpretations of other x-rays or by other ventilatory studies." Id. While Baker's premise is sound, the ALJ in this case did not base his conclusion "simply" on that "other subsection" evidence. He looked to Dr. Clarke's opinion as a whole in determining whether Dr. Clarke had an objective basis on which to conclude that Baker had pneumoconiosis. The X-ray evidence and the ventilatory test were just a part of that analysis. See id. at n. 4 ("other subsection" evidence may be considered in determining whether the report is documented or reasoned).
 
 
 12
 Baker essentially urges this court to reweigh the medical evidence that has been reviewed several times in the lower tribunals. "The weighing of physicians' opinions is within the [ALJ's] discretion, and he may consider the relative qualifications of the physicians." Fields v. Island Creek, 10 B.L.R. 1-19 (1988) (en banc ). Dr. Kraman is a pulmonary specialist, he is Board-certified, and he has been recognized for service in his field. Dr. Elmer, who discredited Clarke's opinion that Baker's X-ray was positive, is classified as a "B" reader of X-rays and is, therefore, more qualified than Dr. Clarke. Therefore, the Board's decision that the other doctors' opinions were more qualified was based on substantial undisputed evidence. We are not persuaded that this court should further engage in a reevaluation of the medical evidence. Finally, Baker contends that the ALJ erred in failing to apply the provisions of Part 718 to his ultimate denial of the claim under Part 727. As the Board found, however, because the ALJ appropriately rejected the only evidence supportive of a finding of a totally disabling respiratory or pulmonary impairment, entitlement under Part 718 cannot be established.
 
 
 13
 We regret the long delay which has been attendant to the consideration of the close issues in this case. In light of the conclusion we have set forth, however, we AFFIRM the decision of the ALJ and the Board.
 
 
 
 [1]
 The ALJ also found from a 1986 edition of the American Medical Directory that Clarke's expertise was in dermatology, which made his opinion less credible that the other experts. The 1992 edition, however, listed his area of expertise as cardiology
 
 
 [2]
 We note that as in many of these black lung cases, Baker has smoked regularly and consistently for about thirty years
 
 
 [3]
 See Black Lung Benefits Act, 30 U.S.C. § 901, et seq
 
 
 [4]
 This regulation also requires that a miner must have engaged in coal mining for at least 10 years, which requirement is concededly met here
 
 
 [5]
 The interim presumption also arises in three other situations described in § 727.203(a)(1)-(a)(3), but those sections are not at issue on this appeal
 
 
 [6]
 Although Baker partially relies on the opinion of Dr. Nash to support his position in his Brief, Baker apparently conceded in another brief to the court that Dr. Nash's report was insufficient to support the interim presumption