70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buddy BRAZIEL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 95-3357.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Benefit Review Board, No. 94-3706BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 PETITION DENIED.
 
 
 4
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 5
 Buddy Braziel, pro se, petitions for review of the Benefits Review Board's Decision and Order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Braziel filed his initial claim for black lung benefits on June 30, 1975. The Department of Labor administratively denied this first claim in 1979 and Braziel requested a hearing before an Administrative Law Judge (ALJ). After a hearing was held on the matter, the ALJ issued a Decision and Order awarding benefits. However, the ALJ then ordered the case reopened to permit the Director to submit a rereading of an x-ray and a reevaluation of a pulmonary function study of record. Based on this additional evidence, the ALJ subsequently issued a Supplemental Decision and Order rejecting the claim and denying benefits. The ALJ also concluded that Braziel was ineligible for the presumption under Part 410, Subpart D of the regulations and was not entitled to benefits under any other provision of the Act. The Board affirmed this decision, on appeal, by order issued December 9, 1986.
 
 
 7
 Thereafter, Braziel filed two more applications for benefits, in April of 1987, and in March of 1988. Again, the claims were administratively denied and both referred to an ALJ for consideration and another hearing. The ALJ issued a Decision and Order denying benefits, on December 18, 1990, concluding that there had been "no material change in condition" since the ALJ's last Decision and Order denying benefits in 1984. On appeal, the Board found that the ALJ erred by treating the subsequent claims as duplicate claims under 20 C.F.R. Sec. 725.309, rather than requests for modification pursuant to 20 C.F.R. Sec. 725.310. Therefore, the Board directed the ALJ, upon remand, to make an independent assessment of the newly submitted evidence under the "modification" provision standard set forth in Sec. 725.310(a), to determine whether Braziel could establish invocation of the interim presumption pursuant to Secs. 727.203(a)(2)-(4). The Board affirmed the ALJ's conclusion, however, that the x-ray evidence of record failed to establish the existence of pneumoconiosis. Finally, the Board instructed the ALJ to reconsider the claim under Part 718 if entitlement was not established under Sec. 727.203, in accordance with the Sixth Circuit's holdings in Knuckles v. Director, OWCP, 869 F.2d 996 (6th Cir.1989), and Saginaw Mining Co. v. Ferda, 879 F.2d 198 (6th Cir.1989).
 
 
 8
 Upon remand, the ALJ referred to his own findings in his prior Decision and Order denying benefits, wherein he had applied Part 727 and Part 718 to the subsequent claims and determined that Braziel had failed to prove total disability due to a respiratory or a pulmonary condition related to coal mine work, and was not entitled to benefits. However, the ALJ granted the Director's motion to remand the case to the District Director "for consultation with his attorney if desired and any other action, if any, he may take pursuant to this decision." On appeal, the Board affirmed the ALJ's decision to deny benefits, but reversed the ALJ's decision to remand the case to the District Director.
 
 
 9
 In his appellate brief, the pro se petitioner expresses his confusion as to why he was initially awarded benefits 1983, then denied benefits by a subsequent order in 1984. Braziel also claims that "the Black Lung People no [sic] I have black lung but they don't want to give me my money." Braziel has also attached to his brief a copy of a medical opinion by Dr. H.L. Elmore.
 
 
 10
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 I.
 CLAIM ANALYZED UNDER PART 727
 
 11
 Because Braziel's application for benefits filed April 21, 1987, was filed within one year of the Board's final denial, on December 9, 1986, of Braziel's initial application for benefits, the Board properly remanded the case for the ALJ to consider the two duplicate claims, filed in 1987 and in 1988, as requests for modification pursuant to 20 C.F.R. Sec. 725.310. 20 C.F.R. Secs. 725.309(c) and (d). Thus, it was proper for the ALJ to consider the duplicate claims under Part 727, because the initial claim was subject to review under the earlier regulations. See 20 C.F.R. Secs. 718.2 and 725.309; Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230 (6th Cir.1994); Ferda, 879 F.2d at 204; Knuckles, 869 F.2d at 999.
 
 
 12
 Under Part 727, certain medical criteria may be relied upon to invoke the interim presumption of total disability or death due to pneumoconiosis arising out of coal mine employment. If the presumption is established, the four elements of eligibility are established specifically: 1) the existence of pneumoconiosis; 2) the causal connection between the pneumoconiosis and the miner's coal mine employment; 3) total disability; and 4) the causal connection between the miner's pneumoconiosis and total disability. See Sec. 727.203(a). The presumption may be established if a miner has shown at least ten years in coal mine employment, as Braziel did in this case. Sec. 727.203(a).
 
 
 13
 Under Sec. 727.203(a)(1), the interim presumption may be invoked by x-ray, biopsy or autopsy evidence of pneumoconiosis. No biopsy or autopsy evidence was presented. There were five x-rays taken of Braziel's lungs and these x-rays were interpreted eleven times by various physicians. All but one of the B-Readers read the x-rays as negative. Therefore, this x-ray evidence is overwhelmingly against a finding of pneumoconiosis, and the ALJ's determination that this evidence could not invoke the presumption under Sec. 727.203(a)(1) is supported by substantial evidence.
 
 
 14
 The presumption may also be invoked by qualifying results from pulmonary function studies. See Sec. 727.203(a)(2). The quality standards applicable to this evidence submitted with Part 727 claims, set forth in 20 C.F.R. Sec. 410.430, are mandatory before the test results may be admitted as evidence of total disability. Prater v. Hite Preparation Co., 829 F.2d 1363, 1364-65 (6th Cir.1987). See also Wiley v. Consolidation Coal Co., 915 F.2d 1076, 1080 (6th Cir.1990) (standards in 20 C.F.R. Sec. 718.103 also apply to any pulmonary function study conducted after March 31, 1980).
 
 
 15
 In all of the orders issued in this case, the ALJs recognized that, notwithstanding certain qualifying test results, the pulmonary function tests were invalidated by other qualified physicians. Specifically, Dr. Burki noted that, during the tests conducted on October 31, 1980, and January 13, 1981, the claimant had put forth less than optimal effort. Dr. Kraman opined that the tests conducted on April 26, 1982, and April 8, 1988, showed poor effort or no effort at all by the patient. Similarly, the doctor who conducted the test in 1975 noted that cooperation of the patient had been poor and the reproduceability only fair. The ALJs also recognized that the most recent pulmonary function study test results did not meet the qualifying criteria under Sec. 727.203(a)(2).
 
 
 16
 The Supreme Court has held that all of the like-kind evidence of record must be weighed prior to the invocation of the presumption. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 143 (1987). Thus, while one item of qualifying evidence could establish invocation under this section, the one item does not compel invocation because the presumption must be established by a preponderance of all of the evidence under each of the five methods of invocation under Sec. 727.303(a). Id. In accordance with the Supreme Court's holding in Mullins, 484 U.S. at 147-49, it was properly within the ALJ's discretion to consider the quality standards applicable to the pulmonary function evidence, and the "invalidating" reports, and to weigh the evidence accordingly. Weighing this like-kind evidence, overall, the ALJ properly found that this evidence did not invoke the interim presumption under Sec. 727.203(a)(2). Likewise, the blood gas studies did not reveal qualifying values to invoke the interim presumption under Sec. 727.203(a)(a).
 
 
 17
 Lastly, ALJ Dapper, the ALJ who denied Braziel's initial claim, appropriately discredited the only documented physician's opinion which could have established the presence of a totally disabling respiratory or pulmonary impairment to invoke the interim presumption under Sec. 727.203(a)(4). Specifically, ALJ Dapper found that Dr. Hoback's opinion was based on unreliable objective evidence, specifically a chest x-ray that had later been reread by a B-Reader as negative, and a pulmonary function study which produced non-qualifying results. Moreover, ALJ Dapper considered the other medical opinions of record, including those of Drs. Harnsberger, Hackworth and Elmore, to conclude that the medical reports, weighed together, did not establish the presence of a totally disabling respiratory or pulmonary impairment. Mullins, 484 U.S. at 143. See also Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986).
 
 
 18
 ALJ Holmes, who considered the duplicate claims, discredited newly submitted medical reports by Drs. Kato, Hoback and Rodriguez, because they were either based on invalidated pulmonary function tests or negative x-ray rereadings, or were completely undocumented. This ALJ considered the reports by Drs. Harnsberger and Gilley as well-documented and well-reasoned and, therefore, assigned greater probative weight to their medical opinions. Drs. Harnsberger and Gilley diagnosed no pneumoconiosis. Incorporating the prior findings by ALJ Dapper and reviewing the entire group of this like-kind evidence in the form of medical opinions, ALJ Holmes determined Braziel did not suffer from pneumoconiosis. Upon remand, ALJ Holmes relied on the conclusions as set forth in his 1990 opinion to conclude that Braziel was not entitled to the presumption under Sec. 727.203(a)(4). In accordance with the Board's remand order, ALJ Holmes reviewed Dr. Elmore's opinion along with the other evidence, but determined that Dr. Elmore's opinion was not supported by valid objective data and did not state that Braziel was unable to work due to his respiratory disease, alone, so that Braziel would be entitled to the presumption under Part 727.
 
 
 19
 This court must defer to this ALJ's determination of credibility and resolutions of inconsistencies in testimony, including the weight to be accorded to the physicians' opinion of record, because his conclusions are supported by substantial evidence. Worrell, 27 F.3d at 231. This court has held that an exam finding disability may be discredited if the exam is based upon a disputed x-ray reading and a flawed pulmonary function study. Fife v. Director, OWCP, 888 F.2d 365, 369 (6th Cir.1989) (per curiam). See also Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) (an ALJ may discredit a medical opinion as unreasoned, thereby assigning less probative weight to that report, if objective tests relied upon in the opinion are not included in the record). The ALJs provided sufficient reasons for discrediting Dr. Hoback's report, as well as the reports by Drs. Elmore, Kato and Rodriguez. Thus, ALJ Holmes, incorporating the findings by ALJ Dapper and his own findings in his previous Decision and Order, properly found that the interim presumption could not be invoked under Sec. 727.203(a)(4). In conclusion, the ALJ rendering the final Decision and Order denying benefits on remand properly denied the claim after reviewing the evidence under Part 727 of the regulations.
 
 II.
 CLAIM ANALYZED UNDER PART 718
 
 20
 Pursuant to this court's holdings in Ferda, 879 F.2d at 204, and Knuckles, 869 F.2d at 999, the Board further directed the ALJ to reconsider the claim under Part 718 if entitlement was not established under Sec. 727.203. Following the Board's directive, ALJ Holmes stated that he "previously analyzed the case under Part 718 and, as amended, herein it need not be repeated."
 
 
 21
 To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820. Reviewing the x-ray evidence pursuant to Sec. 718.202(a)(1), the ALJ properly made a qualitative and quantitative evaluation of the readings, meeting this court's standard for analyzing x-ray evidence under Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Likewise, the Board noted that the only medical opinions in the record which could have established the existence of pneumoconiosis under Sec. 718.202(a)(4) were those by Drs. Elmore and Rodriguez, which reports the ALJ properly discredited as unreliable and not entitled to great weight. Thus, the ALJ's finding, as affirmed by the Board, that the claimant failed to establish he suffered from pneumoconiosis, is supported by substantial evidence.
 
 
 22
 Accordingly, the petition for review of this application for black lung benefits is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation